THE HARTFORD INSURANCE COMPANY ET AL.

v.

WILLIAM A. PENNELL ET AL.

SUBROGATION — RESTRAINING SETTLEMENT OF SUIT. — Appellants insured the hotel of appellee and on its destruction by fire paid the amount of insurance. Subsequently appellee brought suit against a railroad company for damages for setting his hotel on fire, in which suit appellants asked leave to interplead as parties plaintiff, which was refused. Thereupon they brought a bill to restrain the collection or settlement of the claims against the rail- road, and asking to be subrogated to the rights of appellee therein to the extent of their insurance. *Held*, that the injunction should have been allowed, and retained until the determination of the case against the railroad; that appellants were entitled to receive, to the extent of their insurance, any excess beyond appellee's loss that might be recovered from the railroad.

APPEAL from the Circuit Court of McLean county; the Hon.
OWEN T. REEVES, Judge, presiding.

Messrs. STEVENSON & EWING, for appellants; upon the right
of insurance companies to be subrogated to the insured, cited
Hart v. Western Railroad Co. 13 Met. 99; Monmouth Fire
Ins. Co. v. Hutchinson, 21 N. J. 107; Bean v. A. & St. L. R.
R. Co. 58 Me. 82; Ætna Ins. Co. v. Tyler, 16 Wend. 397; Ran-
dall v. Cochran, 1 Ves. Sr. 98; Comegys v. Vasse, 7 Curtis, 533;
Hall et al. v. R. R. Co. 13 Wall. 367; Gracie v. N. Y. Ins. Co.
8 Johns. 246; Monticello v. Mollison, 17 How. 152; Honore v.
Lamar Ins. Co. 51 Ill. 409; May on Insurance, 454; Wood on
Fire insurance, § 473; 5 Digest Ins. Cases, 619.

Where the property is destroyed by the negligence of a third
person so that the insured has a remedy against him therefor,
the insurer, by payment of the loss, becomes subrogated to the
rights of the insured to the extent of the sum paid: 10 Am.
Law Reg. 348; Monmouth Ins. Co. v. Hutchinson, 21 N. J. 107;
Gracie v. N. Y. Ins. Co. 8 Johns. 245; Mason v. Sainsbury, 3
Doug. 61; Clark v. The Hundred of Blything, 2 B. & C. 254;
Yates v. Wythe, 4 Bing. 272; Randall v. Cochran, 1 Ves. Sr. 98;
Cullen v. Butler, 5 M. & S. 466; Monticello v. Mollison, 17 How.
152; Atlantic Ins. Co. v. Storran, 5 Paige Ch. 285.

If the insured receives satisfaction for his loss from the insu-
rer, his remedy against the wrong-doer is not defeated, yet he
stands to the insurer in the relation of trustee to the amount
paid: Wood on Fire Insurance, § 476; Collins v. N. Y. C. R. R.
Co. 5 Hun. 503; Merrick v. Brainard, 34 N. Y. 208; Weber
v. Morris & Essex R. R. Co. 35 N. J. 409; Hayward v. Cain,
105 Mass. 213; Perrott v. Western R. R. Co. 13 Met. 99; Tra-
ders Ins. Co. v. Roberts, 17 W. R. 631.

Suit cannot be maintained in the name of the insurer, but
must be in the name of the insured: Peoria Marine Ins. Co. v.
Frost. 37 Ill. 333.

Equity controls trustees in the discharge of trusts in regard
either to real or personal property: Vant v. N. Y. Ins. Co. 7
Paige, 567; N. Y. Ins. Co. v. Roulet, 24 Wend. 505; Williams
v. Gibbs, 17 How. 239; Hill on Trustees, 42; Freeman on
Judgments, § 190.

Hartford Ins. Co. v. Pennell et al.

The verdict in the case of Pennell v. the C. & A. R. R. Co. is decisive in this case as to the value of the property: Freeman on Judgments, § 273; Bigelow on Estoppel, 45; Harrett v Hampton, 7 T. Rep. 269; Stewart v. Randall, 53 Me. 149; Carr v. Woodruff, 6 Jones, 400; Kingsland v. Spalding, 3 Barb Ch 34; Rogers v. Higgins, 57 Ill. 244; 11 Serg. & Rawle, 422.

Money paid to the mortgagee enures to the benefit of the mortgagor: Van Buren v. St. Joseph Co. Mut. Ins. Co. 23 Mich. 404; Clay Fire & M. Ins. Co. v. Huron Salt and Lumber Co. 31 Mich. 346; Hartford Fire Ins. Co. v. Davenport, Sup. Ct. Mich. unreported.

A party dealing with a corporation is estopped to deny its corporate existence: Wood v. Kingston Coal Co. 48 Ill. 360.

On an issue of *nul tiel* corporation, proof of actual existence and user is sufficient: Mendota v. Thompson, 20 Ill. 197; Marsh v. Astoria Lodge, 27 Ill. 420; Hart v. Western R. R. Co. 13 Met. 99.

The right of subrogation is in the nature of an equitable assignment, and will support the right of the court to restrain the assignee from defeating it by settlement or release: Payne v. Rogers, 1 Douglas, 407; Whitehead v. Hughes, 2 Crompt. & Mees. 318; Phillips v. Cloggett, 11 Mees. & W. 84; Tinnan v. Leland, 6 Hill; Hill v. Railroad Companies, 13 Wall. 367; Brown on Actions, 105.

Mr. W. S. Coy and Mr. W. E. Hughes, for appellees; contended that the owner of property destroyed by fire must be fully paid before the insurer can be subrogated to his rights, and cited Garnett v. Blodgett, 39 N. H. 153; Hollingsworth v. Floyd, 2 Har. & G. 90; Neptune Ins. Co. v. Dorsey, 3 Md. Ch. 338; Kyner v. Kyner, 6 Watts, 227; Newcomb v. C. Ins. Co. 22 Ohio St. 388; Union Bank v. Edwards, 1 Gill. & J. 365; Woodworth v. Ins. Co. 5 Wall. 89; King v. State Ins. Co. 7 Cush. 3; Suffolk Ins. Co. v. Boyden, 9 Allen, 123; Peoples Ins. Co. v. Stræhle, 2 Cin. Sup. R. 194; Bank of Penna. v. Potins, 10 Watts. 152; Hardcastle v. Bank, 1 Har. 374; Carroll v. N. O. J. & G. N. R. R. Co. 26 La. An. 447; Dixon on Subrogation, 122; May on Insurance, 556.

The appeal in the case against ·the railroad company vacated the judgment below:· Stalfield v. Beattie, 36 N. H. 455; Keen v. Turner, 13 Mass. 265; Penhallow v. Drane, 3 Dallas, 87; Gale v. Butler, 35 Vt. 449; Paine v. Conden, 17 Pick. 142.

Appellant's claim is barred by the Statute of Limitations: Bank of Penna. v. Potins, 10 Watts, 152; Fink v. Mehaffy, 8 Watts, 384; Rittenhouer v. Levering, 6 W. & S. 190.

Appellee must be paid his whole loss with expenses of litigation before appellants have any claim against him: Woodworth v. Ins. Co. 5 Wall. 89; Newcomb v. Ins. Co. 22 Ohio St. 388.

If appellants are subrogated to any rights, they are to the rights of the mortgagee: Nat. Ins. Co. v. Crane, 16 Mo. 285; Pratt v. N. Y. Cen. Ins. Co. 64 Barb. 589.

DAVIS, J.   This was a bill in chancery, filed by appellants against William A. Pennell and the Chicago & Alton Railroad company, for an injunction to restrain Pennell from compromising or settling a certain claim for damages against said railroad company, growing out of a loss by fire of the Normal Hotel, belonging to Pennell and insured by appellants, and from collecting or receiving any portion of such damages, and to restrain said railroad company from compromising, settling with, or paying to said Pennell any portion of such damages, until the further order of the court, and praying that appellants be subrogated to the rights of Pennell in and to the judgment obtained by him for such damages against said railroad company, and for other relief.   A temporary injunction was granted, and on the hearing it appeared that appellants insured for Pennell the said Normal Hotel for $7,000.   Of this risk the Hartford Fire Insurance Company and the Ætna Insurance Company, each took $2,500, and the Insurance Company of North America $2,000.   The hotel was destroyed by fire on February 14, 1872, and shortly thereafter appellants paid to Pennell the full amount insured by them respectively, without any knowledge that the property insured was destroyed, or claimed by Pennell to have been destroyed, by or through the negligence of the railroad company.   On May 8th, 1875, Pennell

commenced a suit against the railroad company to recover damages for the loss of his hotel, claiming that the fire which consumed it was caused by the negligence of the railroad company. In that suit Pennell recovered a judgment for $13,625, from which judgment the railroad company took an appeal to the Supreme Court, where the case is now pending. Appellants, prior to the rendition of the judgment, filed their motion for leave to interplead, and to be made beneficial plaintiffs, and offering to assist in the prosecution of the suit, and to bear their fair share of the burthens of the same. The court overruled this motion, and in this cause appellants renew such offer in their bill, filed below. Pennell is notoriously insolvent, and executions cannot be collected from him. On the hearing of this cause, the court below rendered a decree dismissing the bill for want of equity, dissolving the injunction, and assessing Pennell's damages at $75. To reverse this decree appellants appeal.

We think the court erred in dissolving the injunction, and dismissing appellants' bill. When this cause was heard, the original case of Pennell against the railroad company was still pending undetermined in the Supreme Court, and until that case should be finally disposed of, no final action should have been taken in this cause, but the hearing should have been postponed until the case was in a condition to have been tried and disposed of on all the issues arising, so as to do full and complete justice to all the parties. Should the judgment rendered in that case be affirmed by the Supreme Court, then the court in this cause could determine whether any excess would remain to be distributed among the appellants and others interested, after making Pennell's loss good. If the amounts paid by appellants and the other insurance companies, and the judgment obtained against the railroad company, if affirmed, should exceed the loss sustained by Pennell, the excess should be held in trust for those who had advanced their means in excess of what was necessary to make good that loss. Pennell is only entitled to be fully reimbursed for his losses and necessary expenses. To the excess he is not entitled, and that excess, if any there may be, should be paid back to the insurers who by

their advances, created that excess; and as it appears that Pennell is insolvent, and if he should be permitted to recover the full amount of the judgment obtained against the railroad company, appellants might be unable to obtain from him their share of said judgment, he should be enjoined from collecting the damages recovered to the extent of $7,000, until this cause can be finally disposed of; and appellees should be restrained from settling or compromising the suit instituted by Pennell against the railroad company until the further order of the court below. If the case appealed to the Supreme Court should be reversed and remanded, this cause should be retained until that case is finally determined.

The decree is reversed and the cause remanded, with instructions to the court below to modify the injunction to conform to this decision, and to require a bond from appellants to cover any and all damages and costs which Pennell may sustain by reason of the granting of the injunction.

Decree reversed.

LACEY, J., dissenting.