# THE MAYOR AND COUNCIL OF HAGERSTOWN

*vs.*

## FLORENCE SCHREINER ET AL.

*Workmen's Compensation Act—Alternative Remedies—Action Against Joint Tort Feasor.*

Section 58 of Article 101 of the Code (Workmen's Compensation Act) provides in effect that, if the injury or death has been caused under such circumstances as to fix a legal liability on some person other than the employer, the employee or, in case of his death, his personal representatives or dependents, may elect to sue such person, or may claim compensation under the Act, but he or they cannot pursue both remedies, and acceptance of compensation under the Act is to be regarded, as stated in Section 36, as "in lieu of any and all rights of action whatsoever against any person whomsoever."          pp. 654, 655

As against an employer who has provided the insurance directed by Code, Art. 101, Section 15, to secure compensation to his employees, and who has not "from deliberate intention produced the injury or death," the remedy by compensation under that Article is exclusive.          p. 653

*Decided January 16th, 1920.*

Appeal from the Circuit Court for Carroll County (FORSYTHE, J.).

The cause was argued before BOYD, C. J., BURKE, THOMAS, PATTISON, URNER, STOCKBRIDGE and ADKINS, JJ.

*Alex. R. Hagner* and *F. Neal Parke,* with whom were *J. A. Mason* and *Bond & Parke* on the brief, for the appellant.

*Frank G. Wagaman,* with whom were *E. O. Weant* and *Omer T. Kaylor* on the brief, for the appellees.

BURKE, J., delivered the opinion of the Court.

The appeal in this case presents for determination the true construction of Section 57 of the Acts of 1914, Chapter 800, known as the Workmen's Compensation Act. That section is codified as Section 58 of Article 101 of the Code, and is as follows:

"Where the injury or death for which compensation is payable under this Article was caused under circumstances creating a legal liability in some person, other than the employer, to pay damages in respect thereof, the employee or, in case of death, his personal representative or dependents as hereinbefore defined, may proceed either by law against that other person to recover damages or against the employer for compensation under this Article, or in case of joint *tort feasors* against both; and if compensation is claimed and awarded or paid under this Article any employer may enforce for the benefit of the insurance company or association carrying the risk or the State Accident Fund, or himself, as the case may be, the liability of such other person; provided, however, if damages are recovered in excess of the compensation already paid or awarded to be paid under this Article, then any such excess shall be paid to the injured employee or, in case of death, to his dependents, less the employer's expenses and costs of action."

The question arose in this way. On the 24th of April, 1918, Clarence M. Schreiner, an employee of the Cumberland Valley Telephone Company, died as the result of an accidental injury arising out of and in the course of his employment by that company. He left surviving him a widow, Florence Schreiner, and two minor children. The widow and children were dependent upon him for support. On the tenth of August, 1918, Mrs. Schreiner, the widow, on behalf of herself and the children filed a claim under the Act with the State Industrial Accident Commission for compensation

as dependents and on the 21st of September, 1918, the Commision,

> "ordered that compensation at the rate of $8.08 per
> week, payable weekly, be paid to the said Florence
> Schreiner by Cumberland Valley Telephone Company,
> employer, and Aetna Life Insurance Company, insurer,
> for the period of eight years, from the 24th day of
> April, 1918, not to exceed, however, the aggregate
> amount as provided in Section 35 of Chapter 800, Acts
> of the General Assembly of Maryland of 1914, and
> such further sum not to exceed $75.00 as the said claim-
> ant may have paid or obligated herself to pay on ac-
> count of the funeral expenses incurred by reason of
> the death of the said Clarence Schreiner, and that
> final settlement receipt be filed with the Commission
> in due time, and it is also hereby ordered and directed
> that the said Florence Schreiner apply said compen-
> sation to the use of herself and her children in such
> proportion as under the circumstances may seem to
> her best."

Thereafter, to wit, on December 31, 1918, the widow and children of the deceased brought suit against the Mayor and City Council of Hagerstown, a municipal corporation, to recover damages for the death of Clarence M. Schreiner upon the ground that the death of the husband and father was caused by the joint negligence of the defendant and the Cumberland Valley Telephone Company, his employer. The case was removed to the Circuit Court for Carroll County. The trial in that Court resulted in a verdict and judgment for the plaintiffs, and this is the defendants' appeal from that judgment. The defendant pleaded the general issue and three special pleas in bar. The second and third pleas set out the application of Mrs. Schreiner to the State Industrial Accident Commission and the award of the Commission allowing compensation. The plaintiffs demurred to the special pleas and the Court sustained the demurrer. During the progress of the trial the defendant offered to show the appli-

cation of Mrs. Schreiner to the State Industrial Accident Commission for Compensation and the award of the Commission as herein above transcribed. Upon objection by the plaintiffs the Court refused to permit the introduction of these facts, and this ruling constitutes the second bill of exceptions. The question is as to whether the plaintiffs, under the section of the article quoted, (and that is the only provision of law upon which they rely) can maintain this suit.

An employer, who is subject to the provisions of the workmen's compensation law and who has provided the insurance directed by Section 15 of Article 101 of the Code to secure compensation to his employees, cannot be sued at law for injuries sustained by them, except as provided in the act, and the only exceptions in the act, applicable to such a situation as is presented by this record, is found in Section 45 of Article 101 of the Code, which provides that:

> "If injury or death results to a workman from the deliberate intention of his employer to produce such injury or death, the employee, the widow, widower, children, or dependents of the employee shall have the privilege either to take under this Article to have cause of action against such employer, as if this Article had not been passed."

As against an employer who has provided the insurance and who has not "from deliberate intention produced such injury or death" the remedy by compensation under the act is exclusive. That this is the policy of the State is obvious from the preamble of the Act of 1914, Chapter 800, and from other declarations contained in it. In its preamble is found this declaration:

> "The State of Maryland, exercising herein its police and sovereign powers, declares that all phases of extra hazardous employments be and they are hereby withdrawn from private controversy, and sure and certain relief for workmen injured in extra hazardous employments and their families and dependents are hereby provided for, regardless of questions of fault, *and to*

*the exclusion of every other remedy,* except as provided in this Act."

It is also evident from Section 14, Chapter 800 of the Act of 1914, as amended by the Act of 1916, Chapter 597, and by Section 36 of Article 101 wherein it is declared that:

"Each employee (or in case of death his family or dependents) entitled to receive compensation under this Article shall receive the same in accordance with the following schedule, and except as in this Article otherwise provided, *such payment shall be in lieu of any and all rights of action whatsoever against any person whomsoever."*

Had not the employer of the deceased provided the insurance directed by the Act, or had it deliberately caused his death, suit at law could undoubtedly have been maintained against it, and upon allegations of the *narr.,* it could have been sued as a joint *tort feasor* with the defendant. But in the absence of any allegation or evidence of such facts, it appears to be plain that the plaintiffs' sole remedy for the loss they have sustained is confined to the compensation provided by the act, unless, in addition to the compensation already allowed, they are permitted by Section 58 to recover from the defendant damages for the same loss.

Such a construction would lead to very anomalous results. It would permit three compensations for the same loss: *First,* compensation under the Act; *secondly,* the recovery of damages against some third person whose negligence contributed to produce the death or injury; and *thirdly,* the right, in case of a recovery by the employer against such third person for the benefit of the insurance company or association carrying the risk or the State Accident Fund, or himself, as the case may be, to any excess recovered over and above the compensation paid or awarded, less the employer's expenses and costs of action. Such a construction would upset the whole policy and design of the Act.

We think the plain meaning of Section 58, so far as concerns the question here involved, is this: If the injury or death has been caused under such circumstances as to fix a legal liability upon some person or persons, other than the employer, the employee, or, in case of his death, his personal representatives or dependents may elect to sue such other person or persons at law, or may claim compensation under the Act, but he or they cannot pursue both remedies. If he or they accept compensation under the Act, such payment must be held as declared by Section 36, Article 101, to be "in lieu of any and all rights of action whatsoever against any person whomsoever." This construction is in accord with the design and general purpose of the act, and is in harmony with its provisions, and it finds support in *Frazier* v. *Leas,* 127 Md. 572; *Solvuca* v. *Ryan & Reilly Co.,* 129 Md. 235; *Adleman* v. *Ocean Accident and Guarantee Co.,* 130 Md. 572; and *Solvuca* v. *Ryan & Reilly Co.,* 131 Md. 265.

It follows from the views expressed that there was error in the ruling embraced in the second exception, and in sustaining the demurrer to the defendant's second and third special pleas.

*Judgment reversed with costs and cause remanded.*