STATE OF MARYLAND, for the Use of the Mayor and City Council of Baltimore, et al. *v.* J. H. FRANCIS et al.

*Workmen's Compensation Law—Reimbursement by Wrongdoer —Suit by Employer or Insurer—Limitation as to Time.*

Code, art. 101, sec. 58, as amended by Acts 1920, ch. 456, authorizing the employee or his dependents to sue the wrongdoer responsible for the injury in case the employer or insurer fails to bring such suit within two months after the award of compensation under the act, does not restrict to two months the employer's or insurer's right of action.        pp. 148-152

Though after the two months the right of action of the employer or insurer is concurrent with the similar right conferred upon the injured employee or his dependents, there could in no event be more than one recovery under the statute for the same tort.        p. 152

*Decided June 11th, 1926.*

Appeal from the Court of Common Pleas of Baltimore City (Stump, J.).

Action by the State of Maryland for the use and benefit of the Mayor and City Council of Baltimore, employer, and for the use and benefit of Clara Kilbourn, widow of Uri

Kilbourn, against J. H. Francis and Catharine Francis, his wife. From a judgment for defendants, plaintiffs appeal. Reversed.

The cause was argued before BOND, C. J., URNER, ADKINS, OFFUTT, PARKE, and WALSH, JJ.

*Charles C. Wallace, City Solicitor,* for the appellants.

*P. August Grill,* with whom was *Richard S. Culbreth,* on the brief, for the appellees.

URNER, J., delivered the opinion of the Court.

A demurrer to the declaration in the plaintiff's reimbursement suit, under the Workmen's Compensation Act, was sustained on the ground that the suit was not brought within two months after compensation to the dependents of the fatally injured employee was awarded by the State Industrial Accident Commission. The appeal is from a judgment for the defendant on the demurrer.

As originally enacted by chapter 800 of the Acts of 1914, the Workmen's Compensation Act contained the following provision:

"Sec. 57. Where the injury or death for which compensation is payable under this act was caused under circumstances creating a legal liability in some person, other than the employer, to pay damages in respect thereof, the employee, or in case of death, his personal representative or dependents as hereinbefore defined, may proceed either by law against that other person to recover damages or against the employer for compensation under this act, or in case of joint tortfeasors against both; and if compensation is claimed and awarded or paid under this act any employer may enforce for the benefit of the insurance company or association carrying the risk or the State Accident Fund, or himself, as the case may be, the liability of such other person, provided, however, if damages are recovered in excess of the compensation already paid or awarded to be paid under this act, then any such excess shall be paid to the injured employee, or, in

case of death, to his dependents, less the employer's
expenses and costs of action."

This section, afterwards codified as section 58 of article
101 of the Code, was construed in *Hagerstown v. Schreiner,*
135 Md. 650, where the dependents of an employee, after
receiving an award under the Workmen's Compensation Act,
on account of his death in the course of his employment, sued
the employer and the City of Hagerstown as joint tort feasors,
alleging that the employee's death was caused by their joint
negligence, and, in deciding that the suit was not maintain-
able, this Court said: "We think the plain meaning of section
58, so far as concerns the question here involved, is this: If
the injury or death has been caused under such circumstances
as to fix a legal liability upon some person or persons, other
than the employer, the employee, or, in case of his death, his
personal representatives or dependents, may elect to sue such
other person or persons at law, or may claim compensation
under the act, but he or they cannot pursue both remedies.
If he or they accept compensation under the act, such pay-
ment must be held as declared by section 36, article 101, to be
'in lieu of any and all rights of action whatsoever against any
person whomsoever.' This construction is in accord with the
design and general purpose of the act, and is in harmony with
its provisions, and it finds support in *Frazier v. Leas,* 127
Md. 572; *Solvuca v. Ryan & Reilly Co.,* 129 Md. 235; *Adle-
man v. Ocean Accident and Guarantee Co.,* 130 Md. 572;
and *Solvuca v. Ryan & Reilly Co.,* 131 Md. 265."

That decision was rendered on January 16th, 1920, and it
was soon followed by an amendment of section 58 of article
101 of the Code, by chapter 456 of the Acts of 1920, which
extended the right of action therein mentioned to the insurer
or State Accident Fund, and added to the section a clause
providing:

"If any such employer, insurance company, asso-
ciation, or State Accident Fund shall not, within two
months from the passage of the award by this Com-
mission, start proceedings to enforce the liability of
such other person, the injured employee, or in case of

death, his dependents, may enforce the liability of such other person, provided, however, that if damages are recovered the injured employee, or in case of death, his dependents, may first retain therefrom the expenses and costs of action after which the employer, insurance company, association or the State Accident Fund, as the case may be, shall be reimbursed for the compensation already paid or awarded; and the balance in excess of these items shall enure to the injured employee, or in case of death, to his dependents."

The Act of 1922, chapter 303, in further amending section 58, in particulars not pertinent to the present inquiry, contained in force the provisions we have quoted. In the succeeding section, (59) there is a reference to "the time limited by law" for the commencement of any action relating to an employee's injury or death.

Section 39 of article 101 provides that injured employees shall file their claims under the Workmen's Compensation Act within thirty days after the beginning of their disabilities, although failure to do so may be excused by the State Industrial Accident Commission for sufficient cause, and that claims of compensation for the death of a workman shall be filed within one year from the date of the accident.

Prior to the amendment of section 58 in 1920, the only time limitation upon the reimbursement action authorized by that section, in case of death resulting from negligence, was that imposed by section 1 of article 67 of the Code, which provides that such an action must be brought within twelve months after the death of the person upon whom the plaintiffs were dependent.

The sole question in this case is whether the amendment of section 58, giving the employee, or his dependents in case of his death, a right to bring the suit therein authorized, if the employer or insurer fails to bring it within two months after the award of compensation under the act, shall be regarded as restricting to such a period the employer's or insurer's right of action. In our opinion the amendment was not intended to have that effect. It is not in the form of a

statute of limitations. It refers to a right of action which is of importance and value to those in whom it is vested, and if the Legislature had intended to limit its exercise by employers or insurers to such a brief period as two months, it is reasonable to believe that the limitation would have been plainly and definitely declared. The immediate and evident purpose of the amendment was to extend to the insurer and to the injured employee, or his dependents, under the conditions prescribed, the right of action against third persons, responsible for the injury, which the section as first enacted had conferred only upon the employer. As thus extended, it was considered desirable that the right should be regulated with respect to its use by the parties, with separate and independent interests, to whom it was granted. For this purpose the employer or insurer charged with the payment of the compensation awarded under the act is given priority for two months after the award in the exercise of the right to sue the third person who was liable for the injury to the employee, but there is no prohibition against such a suit by the employer or insurer after that period has expired. The right of action, if thus restricted, would be of doubtful utility, for it might be difficult or impossible in so short a time to ascertain the identity of the wrongdoer or the facts upon which his liability could be predicated. If the enforcement of that liability, after two months from the date of the State Industrial Accident Commission's award, depended wholly upon the ability and disposition of the injured employee, or his dependents, the protection of the employer's or insurer's interests under the reimbursement provision of the act would be precarious. In *Maryland Casualty Co. v. Electrical Mfg. Co.*, 145 Md. 652, the provision under consideration was said to mean that: "After two months from the date of the award, if the employer or insurer has failed to institute suit against the tort feasor, whether because of an appeal from the award or for any other reason, the employee himself, or in case of his death, his dependents, may institute suit, it being provided in section 56 that 'an appeal shall not be a

stay.' " It was designed by the amending clause, as we construe its language in the light of the pre-existing provision to which it was added, that the right of action given by the section to the employer or insurer should be exclusive for two months after the award of the State Industrial Accident Commission, and that subsequently it should be concurrent with the similar right conferred upon the injured employee or his dependents. The prosecution of simultaneous suits by the two classes of parties indicated, after the lapse of the two months' period, for the enforcement of the same liability, is a contingency which has been suggested and considered. The practical difficulties resulting from such a duplication of suits might be reduced by consolidation, and in no event could there be more than one recovery under the statute for the same tort.

As our interpretation of the statute differs from that of the lower court, the judgment on demurrer will be reversed and the case remanded for a new trial.

*Judgment reversed, with costs, and new trial awarded.*