**THE MAINE.**

No. 2337.

District Court, D. Maryland.

June 23, 1939.

Emory, Beeuwkes, Skeen & Oppen-
heimer, Pearre, Kieffner & Jacobs, and
Venable, Baetjer & Howard, all of Balti-

580

more, Md., for Standard Wholesale Phosphate & Acid Works, Inc.

Marbury, Gosnell & Williams, L. Vernon Miller and G. VanVelsor· Wolf, and Hewlctt B. Cox, all of Baltimore, Md., for exceptants.

COLEMAN, District Judge.

The question presented for determination is whether the petition for limitation of liability filed by the Standard Wholesale Phosphate & Acid Works, owner of the barge "Maine," which was involved in injuries to certain ·persons under circumstances about to be stated, was filed within the period of time prescribed by Section 4285 of the Revised Statutes as amended June 5th, 1936, 46 U.S.C.A. § 185, the pertinent part of which is as follows: "The vessel owner, within six months after a claimant shall have given to or filed with such owner written notice of claim, may petition a district court of the United States of .competent jurisdiction for limitation of liability within the provisions of this chapter. * * *"

On September 2nd, 1938 three men, employees of the Baugh Chemical Company, of Baltimore, were injured on shore by the discharge of acid from a pipe from the barge "Maine" while preparing to connect it with the piping system of the Baugh plant, from which the barge was to take on a cargo of acid. On September 26th, 1938, the Travelers Insurance Company, the insurer of the Baugh Company, wrote a separate letter to the Standard Company respecting each of the three injured men, these letters being identical, except as to captions, and as follows:

"September 26, 1938

"B-4536155
The Baugh Chemical Company
and The Baugh & Sons Company
Re:—Charles F. Mack
9–2–38

"Standard Acid Works, Inc.
"Mercantile Trust Building,
"Baltimore, Maryland
"Gentlemen:—
"This letter will advise you that we are the insurance carrier for The Baugh Chemical Company, whose employee, Charles F. Mack, was injured on September 2, 1938 under circumstances which we believe involve your responsibility.

"Mr. Mack has made claim for compensation against his employer, The Baugh Chemical Company, under the Maryland Workmen's Compensation Act and, in accordance ·with the provisions of that Act, we are subrogated to any right which the injured person may have against you and, at the proper time, we shall look to you for reimbursement on account of any payments for either compensation benefits or medical treatment which we may be called upon to make in the case.

"Very truly yours,
"W. S. McKay,
"WSM-KH                    Adjuster."

On November 16th, 1938 the insurance company filed three suits under the Maryland Compensation Law in the Superior Court of Baltimore City against the Standard Company, these suits being to the use. of the insurance company and the three injured men, respectively. On May 10th, 1939, that is to say, within six months of the filing of these suits but not within six months of the date of receipt of the aforementioned letters of the insurance company, the present petition for limitation of liability was filed in this Court by the Standard Company. Thus, if these letters constitute "written notice of claim", "given to or filed" with the vessel owner by "a .claimant", the six months period within which the petitioner could limit its liability, had expired, and, therefore, its libel and· petition for limitation must be dismissed.

█ The sufficiency of the notice as represented by these letters has been challenged on two grounds embraced in an answer to a motion to dismiss the petition, these grounds being as follows: (1) That the insurance company is not a "claimant" within the contemplation of the statute, it being asserted that the only "claimant" who could give an effective notice was one of the injured persons; (2) that no such notice was ever given by or on their behalf prior to the filing of the suits against it, and that since the petition for limitation of liability was filed within six months thereafter, it was within the permissive period of the statute; and (3) that the letters were not "notice of claim" within the contemplation of the statute in that by their terms they do not give such "notice of claim" as the statute requires, and also were not addressed to the "owner" of the vessel, because addressed to "Standard Acid Works, Inc." at petitioner's place of business in Baltimore instead of to "Standard Wholesale Phosphate and Acid Works,

Inc." But this latter point is so frivolous as not to warrant a moment's consideration, since petitioner received the letters in due course, admits in its petition it is the sole owner of the barge, and makes substantially the same statement in its acknowledgment of the letters.

While prima facie not without a certain amount of persuasive force, when fully analyzed and shorn of highly technical considerations, we are not impressed with the other contentions made on behalf of the petitioner, as above stated.

Taking these other contentions up in the order in which they have been stated, we are unwilling to declare that the insurance company was not "a claimant" within the contemplation of the statute. To say that the word "claimant" as used in the statute is limited to those usually authorized in admiralty to initiate a libel against a vessel or other property, is far too narrow an interpretation, especially since, as the facts in the present case clearly establish, the insurance company is the only party that has, or can assert any claim against the petitioner for the particular injuries. On September 24th, 1938, the State Industrial Accident Commission of Maryland made awards under the Workmen's Compensation Act in the cases instituted by each of the three men who had been injured, directing the insurance company, as insurer of the Baugh Company, to make compensation payments. As a result of these awards, the Maryland statute (Code of Public General Laws of Maryland, 1924 Ed., Art. 101, Sec. 58) gave a direct right to the insurance company to enforce, in its own name, the claims of the injured employees against the alleged wrong-doing third party, the Standard Company. See Bethlehem Steel Co. v. Variety Iron & Steel Co., 139 Md. 313, 115 A. 59, 31 A.L.R. 1021; Maryland Casualty Company v. Union Bridge Electric Mfg. Co., 145 Md. 644, 125 A. 762. Such right is exclusive for a period of two months following the award,—State for Use of Mayor and City Council of Baltimore v. Francis, 151 Md. 147, 134 A. 26; and if, as occurred in the present case, suit is filed by the insurer within the two months, the right of the insurer to make claim for damages remains exclusive and the injured employee has no control whatsoever over the claim. Western Maryland Railway Co. v. Employers' Liability Assurance Corp., 163 Md. 97, 161 A. 5; see, also, Hagerstown v. Schreiner, 135 Md. 650, 109 A. 464. Compare Ætna Life Insurance Co. v. Moses, 287 U.S. 530, 53 S.Ct. 231, 77 L.Ed. 477, 88 A.L.R. 647, and Hunt v. Bank Line, Ltd., 4 Cir., 35 F.2d 136, construing corresponding provisions of the Longshoremen's & Harbor Workers' Compensation Act, 33 U.S.C.A. § 933. We must thus conclude that the insurance company is such a "claimant" as is contemplated by the statute here in question.

Turning to the second ground on which the sufficiency of the notice of claim has been challenged, namely, that the insurance company's letters were not "notice of claim" as contemplated by the statute, the petitioner contends that the letters are too prospective in tenor, that is to say, that they do not make immediate demands for any specific amounts, but are merely notices that claims would be made in the future, by virtue of the insurance company's right of subrogation. This contention also we find to be without merit. It is to be noted that the statute requires merely "written notice of claim" and not the filing of the actual claim itself. Notices under the statute equally broad, if not broader, in their terms have been frequently upheld in other jurisdictions. Clearly a notice of claim contemplates something less definite as to amount demanded than the claim itself. See Stiles v. Ocean S. S. Co., 2 Cir., 34 F.2d 627; The West Arrow, 2 Cir., 80 F.2d 853; In the Matter of Conners Marine Company, 28 F.Supp. 585, United States District Court for the Southern District of New York, decided May 8th, 1939. The same interpretation is to be given to similar provisions in bills of lading. See Georgia, Florida & Alabama R. v. Blish Milling Co., 241 U.S. 190, 36 S.Ct. 541, 60 L.Ed. 948.

Counsel for the petitioner ask, with some asperity: "Is a vessel owner to be required, upon receipt of a letter advising of a possible future claim which may never materialize, to then surrender his vessel in order to preserve his right to limitation of liability?" And then add "The mere statement is enough to indicate the answer." But this reasoning is a mere begging of the question raised for determination. If the notice is sufficient under the statute, the vessel owner becomes subjected to all the provisions of the statute respecting his right to continue in possession of and use his vessel. He is not required in any case to surrender his vessel. He has the option of trusteeing it for the benefit of claim-

582

ants, as has been done in the present case, or he may deposit with the Court for the benefit of such claimants, a sum equal to the value of his interest in the vessel and freight, or approved security therefor.

■ The precise question here presented is novel in the sense that it apparently has never been decided by any reported decision. That is to say, we are aware of no case holding that a letter of a compensation insurance carrier for an employer of an injured party, notifying the vessel owner of such insurance company's right of subrogation to such claims as the injured party may have, constitutes a sufficient notice within the statute. However, for the reasons we have given, we see no reason why such letter is not entirely adequate. We have been referred to four cases which apparently are closest to the precise point, namely, The Grasselli Chemical Co. No. 4, D.C., 20 F.Supp. 394; The Peddle Case, 1938 A.M.C. 327; Grasselli No. 4—Wind Rush, 1937 A.M.C. 847; and In the Matter of Conners Marine Co., supra. However, it is conceded that in all of these cases the notice was given by one of the injured parties. The sufficiency or proper character of the notice was conceded. The question for decision was whether it had been given within the time limit. Therefore, it would not be profitable to analyze these cases.

■ ·The purpose of the statute is to encourage and protect maritime commerce by relieving the shipowner from the consequences of marine accidents and disasters not due to his personal neglect or default. See Hartford Accident, etc., Co. v. Southern Pacific Co., 273 U.S. 207, 47 S.Ct. 357, 71 L.Ed. 612. It is likewise well settled that statutes of this kind are to be liberally construed in order to effectuate their beneficent purposes. Larsen v. Northland, etc., Co., 292 U.S. 20, 54 S.Ct. 584, 78 L. Ed. 1096. But this does not mean that such liberality is to be extended to the point of modifying the definite commands of the statute in laying down conditions precedent to the right to invoke its benefits. Limitation of liability was unknown to the common law. That is to say, the right of a shipowner in the United States to limit his liability is wholly statutory, and any proceedings for limitation are governed entirely by the statutory provisions creating such a right. Norwich & N. Y. Transp. Co. v. Wright, 13 Wall. 104, 20 L.Ed. 585; The Main v. Williams, 152 U.S. 122, 14

S.Ct. 486, 38 L.Ed. 381. The petitioner in a limitation proceeding has the burden of proving compliance with the conditions which entitle him to limit liability. In re Hedger Co., 2 Cir., 59 F.2d 982. We conclude that the present petitioner has not satisfactorily met this burden. Where limitation proceedings are instituted, and claimants file their claims in the proceeding and answer the petition, the admiralty court may retain jurisdiction and determine the question of liability on the part of the shipowner even though he has no right to limit his liability, should the claimants themselves desire to proceed in the admiralty court. See Spencer Kellogg & Sons v. Hicks, 285 U.S. 502, 52 S.Ct. 450, 76 L.Ed. 903; Hartford Accident, etc., Co. v. Southern Pacific Co., supra. However, in a case such as the present one where a condition precedent to a right to invoke the benefits of the statute has not been met, the admiralty court is without jurisdiction and therefore, the petition must be dismissed and the order restraining exceptants from proceeding in the State Court must be vacated. See The Mamie, 110 U.S. 742, 4 S.Ct. 194, 28 L.Ed. 312; In re Liverpool, etc., Co., 2 Cir., 57 F.2d 176. Accordingly, a decree to this effect will be signed, granting exceptants' motion to dismiss the petition for limitation of liability.