## STANDARD WHOLESALE PHOSPHATE & ACID WORKS, Inc., v. TRAVELERS INS. CO. et al.

### No. 4530.

Circuit Court of Appeals, Fourth Circuit.

Nov. 6, 1939.

John H. Skeen, of Baltimore, Md.
(Pearre, Kieffner & Jacobs, Venable,
Baetjer & Howard, and Emory, Beeuwkes,
Skeen & Oppenheimer, all of Baltimore,
Md., on the brief), for appellant.

L. Vernon Miller and G. Van Velsor
Wolf, both of Baltimore, Md. (Marbury,
Gosnell & Williams and Hewlett B. Cox,
all of Baltimore, Md., on the brief), for
appellees.

Before PARKER and NORTHCOTT,
Circuit Judges, and DOBIE, District Judge.

NORTHCOTT, Circuit Judge.

This is an appeal from an order of the
District Court of the United States for the
District of Maryland, dismissing a libel
and petition for limitation of liability filed
by the appellant, Standard Wholesale Phosphate & Acid Works, Incorporated, here
referred to as the petitioner, as owner of
the barge "Maine". The matters in controversy grew out of injuries alleged to
have been sustained by the three individual appellees, Charles F. Mack, William
Brooks, and Lawrence Blische, while engaged in preparing to load the barge with
a cargo of concentrated sulphuric acid.

Upon the filing of the petition for limitation the three individual appellees together with the appellee Travelers Insurance Company, here referred to as the insurer, appeared specially to contest the
filing of the petition, and, by leave of the
court granted ex parte, filed an exception
to the libel and petition for limitation as
well as exceptive allegations and a motion
to dismiss the petition. The petitioner filed
a motion to overrule the exception and the
judge below, after a hearing, granted the
motion to dismiss and on July 13, 1939, an
order was entered to that effect. From this
action the petitioner brought this appeal.

The injury to the three individual appellees was alleged to have occurred on
September 2, 1938, at the dock of the
Baugh Chemical Company, of which company the three were employees.

The three men filed claims for compensation under the Workmen's Compensation

Act of Maryland, Code Pub.Gen.Laws Md. 1924, art. 101, § 1 et seq. Compensation was awarded each of them by the State Industrial Accident Commission and the award ordered to be paid by the Baugh Chemical Company, as employer, and the Travelers Insurance Company, as insurer of the Chemical Company.

On September 26, 1938, the insurer wrote three letters to the petitioner, in regard to the injury to each of the three individual appellees, which letters were as follows:

"The Travelers
The Travelers Insurance Company
The Travelers Indemnity Company
The Travelers Fire Insurance Company
L. Edmund Zacher, President
Hartford, Connecticut.

Claim Department
W. S. McKay, Adjuster
Mercantile Trust Building
Baltimore, Md. September 26, 1938.
B-4536155
The Baugh Chemical Company
and The Baugh & Sons Company
Re:—Charles F. Mack
9-2-38

Standard Acid Works, Inc.
Mercantile Trust Building
Baltimore, Md.

Gentlemen:

This letter will advise you that we are the insurance carrier for The Baugh Chemical Company, whose employee, Charles F. Mack, was injured on September 2, 1938, under circumstances which we believe involve your responsibility.

Mr. Mack has made claim for compensation against his employer, The Baugh Chemical Company, under the Maryland Workmen's Compensation Act and, in accordance with the provisions of that Act, we are subrogated to any right which the injured person may have against you and, at the proper time, we shall look to you for reimbursement on account of any payments for either compensation benefits or medical treatment which we may be called upon to make in the case.

Very truly yours,
W. S. McKay,
WSM-KH                    Adjuster."

The other two letters were similar except for the insertion of the appropriate name of the injured employee.

On September 27, 1938, the petitioner sent the following reply to these letters:

"Standard Wholesale Phosphate &
Acid Works, Inc.
Standard Guano Co.
Union Acid Works, Inc.
Standard Acid Works, Inc.
United States Guano Co., Inc.
Baltimore, Md.

September 27, 1938.
Mr. W. S. McKay, Adjuster
The Travelers Insurance Co.
Mercantile Trust Bldg.
Baltimore, Md.

Dear Mr. McKay:

We are in receipt of your three letters of September 26, in regard to certain of Baugh Chemical Company's men who claim they were injured while on our barge property.

This barge was leased to the Baugh people for the transportation of their material from Baltimore to Norfolk, and they have entire charge of loading such cargo, doing the work with their own men and paying insurance on the cargo to destination. We, therefore, disclaim any responsibility under the lease to the Baugh people, since we simply chartered the boat to them and they did the work with their own men. As a matter of fact, our men would have no right on their property.

Yours very faithfully,
Standard Wholesale Phosphate &
Acid Works, Inc.
(s)   George A. Whiting,
GAW:ECS                    President."

On November 16, 1938, three suits were filed by the insurer in the Superior Court of Baltimore City against the petitioner and on May 10, 1939, the libel and petition was filed in this case.

A written stipulation of facts was filed, and the cause submitted upon the pleadings and this stipulation.

The statute immediately involved is a part of an amendment of the limitation of liability law, being Section 4285 of the Revised Statutes of the United States, as amended June 5, 1936, by c. 521, § 3, 49 Stat. 1480, 46 U.S.C.A. § 185, which provides: "The vessel owner, within six months after a claimant shall have given to or filed with such owner written notice of claim, may petition a district court of the United States of competent jurisdiction for limitation of liability within the

provisions of this chapter and the owner (a) shall deposit with the court, for the benefit of claimants, a sum equal to the amount or value of the interest of such owner in the vessel and freight, or approved security therefor, and in addition such sums, or approved security therefor, as the court may from time to time fix as necessary to carry out the provisions of section 183 of this title, or (b) at his option shall transfer, for the benefit of claimants, to a trustee to be appointed by the court his interest in the vessel and freight, together with such sums, or approved security therefor, as the court may from time to time fix as necessary to carry out the provisions of section 183 of this title. Upon compliance with the requirements of this section all claims and proceedings against the owner with respect to the matter in question shall cease."

Two questions are involved in this appeal:

(1) Did the court err in permitting the filing of exceptive allegations by the appellees?

(2) Was the petition of the appellant for limitation of liability filed within the time fixed by the statute?

The right of the owner of a vessel to limit liability is wholly statutory in the United States. The Main v. Williams, 152 U.S. 122, 14 S.Ct. 486, 38 L.Ed. 381, and authorities there cited. To avail himself of this right granted by the statute the owner must bring himself within the terms fixed by the statute. While the purpose of the statute is to protect and encourage maritime commerce and, while statutes of this character are to be liberally construed, this liberality of construction cannot be extended so that express conditions laid down by the statute itself are waived or ignored. The statute clearly and expressly requires as a condition to the filing of the petition that it must be filed "within six months after a claimant shall have given to or filed with such owner written notice of claim."

Here the appellees appeared specially to raise the point that this condition had not been complied with and after getting leave of the court filed the exceptive allegations raising that question. No harm was done the petitioner because of the fact that the leave of the court was given on an ex parte application because the petitioner afterward had ample opportunity to present any objections to the course pursued.

The exceptive allegations raised only one point, the question of the time in which the petition for limitation was filed.

While this method of presenting the issue involved has not always been looked on with favor by the courts (The Henry S. Grove, D.C., 283 F. 1019) the greater weight of authority is to the effect that the judge may, in his discretion, permit the filing of exceptive allegations under circumstances similar to those existing here. United States v. 422 Casks of Wine, 1 Pet. 547, 7 L.Ed. 257; The Grasselli Chemical Co., No. 4, D.C., 20 F.Supp. 394; The Irving, Petition of Conners Marine Co., D.C., 28 F.Supp. 585, 1939 A.M.C. 825; Benedict on Admiralty (5th Ed.) Secs. 235 and 334.

We are of the opinion that no harmful error was committed by the judge below in permitting the filing of the exceptive allegations and that the course pursued was in the interest of the proper administration of justice.

The answer to the second point depends on the construction to be placed on the letters of September 26, 1938, written by the insurer to the petitioner. These letters were undoubtedly written notices of claims within the meaning and intent of the statute. The receipt of the letters was acknowledged by the petitioner on September 27, 1938. The petition to limit liability was filed May 10, 1939, more than six months after the receipt of written notice from the insurer that it had a claim. The statute does not require the actual filing of a claim but merely "written notice of claim". The notice here was sufficient to give the petitioner all details of the situation with regard to the claim.

That the Travelers Company, as insurer of the Baugh Company, was a "claimant" within the meaning of the statute cannot be successfully controverted. As was said by the judge below on this point, 28 F.Supp. 578, 581: "To say that the word 'claimant' as used in the statute is limited to those usually authorized in admiralty to initiate a libel against a vessel or other property, is far too narrow an interpretation, especially since, as the facts in the present case clearly establish, the insurance company is the only party that has, or can assert any claim against the petitioner for the particular injuries. On September 24th, 1938, the State Industrial Accident Commission of Maryland made awards un-

der the Workmen's Compensation Act in the cases instituted by each of the three men who had been injured, directing the insurance company, as insurer of the Baugh Company, to make compensation payments. As a result of these awards, the Maryland statute (Code of Public General Laws of Maryland, 1924 Ed., Art. 101, Sec. 58) gave a direct right to the insurance company to enforce, in its own name, the claims of injured employees against the alleged wrong-doing third party, the Standard Company. See Bethlehem Steel Co. v. Variety Co., 139 Md. 313, 115 A. 59, 31 A.L.R. 1021; Maryland Casualty Company v. Electric Mfg. Co., 145 Md. 644, 125 A. 762. Such right is exclusive for a period of two months following the award,— State v. Francis, 151 Md. 147, 134 A. 26; and if, as occurred in the present case, suit is filed by the insurer within the two months, the right of the insurer to make claim for damages remains exclusive and the insured employee has no control whatsoever over the claim. Western Maryland Railway Co. v. Assurance Corp., 163 Md. 97, 161 A. 5; see, also, Hagerstown v. Schreiner, 135 Md. 650, 109 A. 464. Compare Aetna Life Insurance Co. v. Moses, 287 U.S. 530, 53 S.Ct. 231, 77 L.Ed. 477, 88 A.L.R. 647, and Hunt v. Bank Line, Ltd., 4 Cir., 35 F.(2d) 136, construing corresponding provisions of the Longshoremen's & Harbor Workers' Compensation Act, 33 U. S.C.A. § 933. We must thus conclude that the insurance company is such a 'claimant' as is contemplated by the statute here in question."

Appellant, in its brief seems to rely on the case of Petition of Alvin S. Hutchinson, D.C., 28 F.Supp. 519, but, in light of the above quotation from the opinion of the trial judge, that case is easily distinguishable. In the instant case the insurer was fully vested (and was the only one so vested) with the right to assert the claim against the petitioner for the injuries in question. Surely this more than satisfies the most exacting definition of the word "claimant".

A review of the cases dealing with questions similar to those arising here will be found in the able opinion of the judge below and it is not necessary to again review them.

The petitioner, in order to avail himself of the benefit of the limitation of liability given by the statute, should have filed the petition within six months from the receipt of the letters from the insurer. This the petitioner did not do and the action of the court below in dismissing the petition was right.

Affirmed.