Petition of **ALLEN N. SPOONER & SONS, Inc., as owner of THE Derrick NO. 17, her boilers, engines, apparel, tackle, etc., THE Deck Scow NO. 29 and two catamarans, in a cause of limitation of or exoneration from liability.**

United States District Court
S. D. New York.

Dec. 13, 1956.

W. Wilson White, U. S. Atty., Joseph Zapitz, Asst. U. S. Atty., Philadelphia, Pa., for plaintiff.

William Cohen, James D. McCrudden, Philadelphia, Pa., for defendant.

Bigham, Englar, Jones & Houston, New York City, for Port of N. Y. Authority.

Macklin, Speer, Hanan & McKernan, New York City, for petitioner.

EDELSTEIN, District Judge.

The Port of New York Authority has moved to vacate or modify the restraining order, issued in the limitation of liability proceedings instituted by petitioner, so as to remove from the operation of the order the claims of the Authority against the petitioner, on the ground that those claims arise exclusively out of a "personal contract" between the movant and petitioner and are not subject to the operation of the limitation of liability statute. The Authority has also moved to dismiss the petition on the ground that the petition in limitation was not filed within the statutory six months after a written notice of claim had been filed.

Considering the latter ground first, I am persuaded that it is well taken. The Authority represents, without contradiction, that it sent a letter to the petitioner, dated August 17, 1955. If this letter constitutes a valid notice of claim, the limitation proceeding should have been commenced within six months after its receipt by petitioner, 46 U.S.C. § 185, 46 U.S.C.A. § 185. There is no contention that the petition was timely filed,

based upon the letter of August 17, 1955, inasmuch as it was not filed until June 13, 1956. The issue, therefore, is whether or not the letter constitutes a valid notice claim.

The letter is as follows:

"As you know, the Port Authority incurred severe damage as a result of the fire on April 8, 1955 on the wharf on which you were working under the above contract. The damaged property was insured for its depreciated value and we have therefore elected to file a claim with the Factory Insurance Association, our insurance carrier, for the part of the loss covered by the insurance. The F.I.A. is subrogated to any rights in tort or contract which we possess against the party responsible for the fire, and it has informed us that it may press a claim against you, since it appears that you were responsible for the fire, both because of negligence and because of the risks assumed by you under Contract O & M 267. Since under the provisions of Clause 8(p28) of the contract, the Port Authority has the right to withhold payment to you under all the circumstances, the F.I.A. has instructed us to exercise this right for its protection. Accordingly, further action on the moneys in connection with the contract, if any should be payable, must await disposition of the fire damage claim.

"We also wish to note that the Port Authority is presently determining the extent of the claim which it may have against you for the cost of restoring the wharf, over and above the amount of insurance collectible. Any judgment or settlement between the F.I.A. and your company should not be regarded as covering this claim of the Port Authority."

The petitioner argues that this letter merely advises of the possibility of a claim; that is, that the insurance car-

rier, who is subrogated to the rights of the Authority in tort or contract against the party responsible for the fire, "may press a claim against you"; and that the Authority itself was investigating the extent of "the claim which it may have against you * * * over and above the amount of insurance collectible." The claims are certainly expressed in terms of possibility. But a letter in a similar vein was held to be a valid notice of claim in Standard Wholesale Phosphate & Acid Works v. Travelers Ins. Co., 4 Cir., 107 F.2d 373. There an insurance carrier wrote the petitioner that it was the insurance carrier for a company whose employee had been injured in circumstances indicating the petitioner's responsibility; that the employee had made a claim for compensation and that the carrier was subrogated to the right of the injured person against the petitioner. "* * * [A]t the proper time, we shall look to you for reimbursement on account of any payments * * * which we may be called upon to make in this case." The distinction is urged that in the notice of claim referred to in the cited case, the word "shall" is used, setting forth a definite, positive intention; while in the case at bar, a mere possibility is expressed by the use of the word "may". But the positive words "we shall" merely help to express what will be done upon the occurrence of a contingency; they are used in telling what "may" happen. And in the circumstances of both cases, it is scarcely to be concluded that the addressees were left with any lingering doubts. Short of the receipt of actual detailed claims, they could not practicably be better advised of the situation. As the court said in the Travelers Insurance Company case, supra, 107 F.2d 373, 376: "These letters were undoubtedly written notices of claims within the meaning and intent of the statute. * * * The statute does not require the actual filing of a claim but merely 'written notice of claim'. The notice here was sufficient to give the petitioner all the details of the situation with regard to the claim."

Accordingly, the motion to dismiss will be granted on the ground of the untimely filing of the petition for limitation of liability, and it will be unnecessary to consider the second ground of the motion.