In the Matter of the Complaint of N.Y. T.R. TRANSPORTATION CORPORATION, as Owner of the SCOW MARCY (NO. 95) for Exoneration from or Limitation of Liability.

No. CV–84–2181.

United States District Court, E.D. New York.

March 13, 1985.

Thacher, Proffit & Wood, New York City, for plaintiff N.Y.T.R. Transp. Corp.

Bingham, Englar, Jones & Houston, New York City, for Creek Towing Corp.

James J. Briody, Rockaway Park, N.Y., for Patricia Beatty, as Adm'x of the Goods, Chattels and Credits of Henry Beatty, Deceased.

## MEMORANDUM and ORDER

WEINSTEIN, Chief Judge:

N.Y.T.R. Transportation Corporation, plaintiff, seeks to limit its liability to claimants. 46 U.S.C. §§ 183–185 and Fed.R. Civ.P. F (Supp.Rules for Certain Admiralty & Maritime Claims). Claimants, Patricia Beatty, as Administratrix for the Estate of Henry Beatty ("Beatty"), and Creek Towing Corporation ("Creek"), move to dismiss the complaint on the ground that the proceeding is untimely because—in violation of the statute and rule—it was commenced more than six months after plaintiff received Beatty's written claim. N.Y.T.R. filed the complaint more than six months after the Secretary of State for New York was served in a state action brought by Beatty, but less than six months after plaintiff's designated agent received the state summons and complaint. For the reasons indicated below, the motion to dismiss must be denied.

## FACTS

Beatty filed suit against Creek and the plaintiff under the Jones Act (46 U.S.C. § 688) in the Supreme Court of the State of New York, County of Queens, seeking damages. The summons and complaint were served upon plaintiff as a foreign corporation by serving the Secretary of State of New York on November 9, 1983. N.Y.Bus.Corp.Law § 307. The Secretary of State forwarded the complaint in an envelope postmarked November 14, 1983 to CT Corporation System, plaintiff's designated agent for service in the state. CT Corporation System received it on November 21, 1983 and forwarded it to plaintiff, who received it on November 28, 1983.

Plaintiff filed a timely answer in State Supreme Court, reserving the right to seek to limit liability by filing a complaint in federal court. It then filed its petition in this court on May 15, 1984, six months and six days after Beatty served notice upon the Secretary of State of New York, five months and 24 days after its designated agent for service received the notice, and five months and 17 days after plaintiff itself physically received notice. The issue—from which of the three dates above should the six-month statute of limitations begin to run—has, according to the parties, not been previously decided.

## LAW

Supplementary Rule F declares that the shipowner must start limitation proceedings "[n]ot later than six months after his *receipt* of a claim in writing" (emphasis supplied), while section 185 of title 46 requires action "within six months after a claimant *shall have given to or filed with such owner* written *notice* of claim" (emphasis supplied). The relevant language of Supplementary Rule F is as follows:

> Not later than six months after his receipt of a claim in writing, any vessel owner may file a complaint in the appropriate district court, as provided in subdivision (9) of this rule, for limitation of liability pursuant to statute....

Title 46, Section 185 provides in pertinent part:

> The vessel owner, within six months after a claimant shall have given to or filed with such owner written notice of claim, may petition a district court of competent jurisdiction for limitation of liability within the provision of this chapter....

It is argued by those seeking dismissal that plaintiff received notice when the Secretary of State was served by Beatty on November 9, 1983.

■ Shipowners once could defend themselves in a suit on the merits, appeal from an adverse judgment, and after affirmance by an appellate court file a petition for limitation of liability. The purpose of section 185 was to alter the law permitting shipowners to delay attempts to limit liability for long periods. A Sann, K.L. Halaji-

an, B. Chase, & M. Chynsky, *Benedict on Admiralty* § 15 (6th ed. 1983). Both the statute and the rule are designed to shorten the period for bringing a limitation proceeding. 7A J. Moore & A. Pelaez, *Moore's Federal Practice* ¶ F.02 (2d ed. 1983). The six-month bar forces the shipowner to decide promptly whether to seek to limit his liability. He is not permitted to wait until later stages of litigation when the tide of events turns against him. *Petition of Goulandris*, 140 F.2d 780, 781 (2d Cir.1944).

The terms "given to" and "filed with" referring to delivery of notice to the "owner" in the statute suggest that the notice of the claim must actually be received. *See* G. Gilmore & C. Black, *The Law of Admiralty* 861 (2d ed. 1975). Use of the term "receipt" in Supplementary Rule F and The Advisory Committee's Note to the Rule supports this construction. The Committee's explanation states:

> The rule here incorporates in substance the 1936 amendment of the Act (46 U.S.C. § 185) with a slight modification to make it clear that the petition may be filed at any time not later than six months *after a claim has been lodged with the owner.*

Supplementary Rule F, subdivision (1), Notes of Advisory Committee on Rules (emphasis supplied). The court need not decide whether Rule F supersedes the statutory provision since the two are not inconsistent. *See* 28 U.S.C.A. § 2072 ("All laws in conflict with such rules shall be of no further force....").

■ Notice of a claim must actually inform a shipowner of the claimant's intentions to seek recovery from the owner. Thus, a report to the owner's insurance company is not sufficient. *Petition of Anthony O'Boyle No. 1*, 51 F.Supp. 430 (S.D. N.Y.1943); *Petition of Spearin, Preston & Barrows*, 190 F.2d 684 (2d Cir.1951). In contrast, a letter informing the shipowner that a claimant will press a claim has been held to be sufficient notice to a shipowner. *In re Allen N. Spooner & Sons, Inc.*, 148 F.Supp. 181 (S.D.N.Y.1956), *aff'd*, 253 F.2d

584 (2d Cir.), *cert. denied*, 358 U.S. 30 (1958).

■ An owner may appoint a representative who acts on the owner's behalf to receive notice. Service of process upon an agent appointed by the shipowner has been held to begin the running of the six-month statute of limitation. *Diamond v. Beutel*, 247 F.2d 604 (5th Cir.1957). In *Diamond*, the court reaffirmed the rule that:

> Under the statute, the vessel owner is the person to whom the written notice of claim must be given ... There is however, nothing ... to prevent the owner from appointing an agent to receive the notice.

*Id.* The court, relying upon then Federal Rule of Civil Procedure 4(d)(1) (now 4(d)(3)) which permitted service in a civil action on agents authorized by appointment, noted that the rule permitted service upon an individual defendant in a civil action "by delivering a copy of the summons and complaint to 'an agent authorized by appointment' to receive service of process." *Id.*

■ The rule to be applied when a statutory agent receives a claim is not clear. Claimant's contention that service upon the Secretary of State, the statutory agent in New York, is sufficient to commence the six-month limitation is not consistent with the New York State Civil Practice rule, made applicable to this court by Federal Rule of Civil Procedure 4(c)(2)(C)(i) and 4(e).

New York law designates the Secretary of State as the agent upon whom process may be served in an action against a foreign corporation not authorized to do business in the state. N.Y.Bus.Corp.Law § 307(a). *See also* N.Y.Bus.Corp.Law § 307(b)(2) (service is sufficient if notice is also sent to the foreign corporation by registered mail). The procedural rules of the state recognize that service on the Secretary of State is likely to result in some delay before notice reaches the foreign corporation. They provide an additional ten days for a person served in this way to respond to the complaint. N.Y.C.P.L.R. 3012(c) (service of answer 30 days after service is complete). *See also* N.Y.Busi-

ness Law § 307(c)(2) (service of process complete ten days after filing with clerk).

Plaintiff should receive a full six months to file a complaint. We need not decide whether the six months should be measured (1) from actual receipt by the plaintiff or his authorized agent or (2) from the time service was complete. *Cf. Morse v. Elmira Country Club,* 752 F.2d 35, 39 (2d Cir. 1984) (mail service effective where the recipient received the mail and accordingly obtained actual notice; no discussion as to when service complete). Whatever the rule, filing of the complaint in this court was timely.

The motion to dismiss is denied.

So Ordered.