In the Matter of the Complaint of BAY-VIEW CHARTER BOATS, INC., as Owners of the M/V FIREFLY VII, the Plaintiffs, for Exoneration from or Limitation of Liability.

BAYVIEW CHARTER BOATS, INC., Third–Party Plaintiff,

v.

Eugene SULLIVAN, Third–Party Defendant.

No. CV 88–3208.

United States District Court, E.D. New York.

September 2, 1988.

Badiak & Will by Alfred J. Will, New York City, for third-party plaintiff Bayview Charter Boats, Inc.

Scarzari & Perrotta, P.C. by Michael F. Perrotta, Huntington, N.Y., for claimants Joseph and Karen Russo.

Devitt & Spellman by Robert F. Saunderson, Smithtown, N.Y., for third-party defendant Sullivan.

## MEMORANDUM AND ORDER

WEXLER, District Judge.

Bayview Charter Boats, Inc. ("Bayview" or the "Petitioner") commenced this proceeding pursuant to 46 U.S.C.App. § 185 ("Section 185") to limit its potential liability in connection with an incident that occurred while Bayview was operating a ferry boat service on the Great South Bay. Joseph and Karen Russo (the "Claimants"), two individuals allegedly injured during the incident, oppose the petition on the ground that it was not filed within the time limit set forth in the statute. Presently before the Court is the issue of the timeliness of the filing of the petition and the adequacy of the fund deposited with the Court to secure the injured parties' claims. Also before the Court are issues relating to the proper forum for trial of this case and the availability of the limitation defense if the petition is dismissed.

For the reasons that follow, the Court holds that Bayview's petition was not filed within six months of the owner's receipt of notice of the Russos' claim. Accordingly, the petition must be dismissed as untimely. The dismissal of Bayview's petition, coupled with the fact that Claimants have invoked the jurisdiction of the state court to decide their liability claims against Bayview, deprives this Court of jurisdiction to decide the limitation defense and to require an increase in the amount of the fund deposited with the Court. Accordingly, the petition is dismissed, the funds deposited with this Court are released and Claimants may proceed with their state court action against Bayview.

## I. STATUTORY FRAMEWORK

### A. *Limitation of Liability*

A shipowner's right to limit his liability for losses incurred during the operation of his vessel has long been a part of admiralty law. *See* 7A J. Moore, A. Palaez, Moore's Federal Practice (hereinafter "Moore's") ¶ F.02 at F-5 (2d ed. 1988); Gilmore, G. and Black, C., The Law of Admiralty, 818–19 (1975) (hereinafter "Gilmore and Black"). Although the original purpose of allowing a shipowner to limit his liability was "to encourage the development of American merchant shipping," *In re Dammers & Vanderheide & Scheepvaart Maats Christina*, 836 F.2d 750, 754 (2d Cir.1988), quoting *Lake Tankers Corp. v. Henn*, 354 U.S. 147, 150, 77 S.Ct. 1269, 1271, 1 L.Ed.2d 1246 (1957), it has been commented that the purpose has become obsolete, *see, e.g., Maryland Casualty Co. v. Cushing*, 347 U.S. 409, 437, 74 S.Ct. 608, 622–23, 98 L.Ed. 806 (1954); *Murray v. New York Central Railroad Co.*, 287 F.2d 152, 153 (2d Cir.1961); Gilmore & Black at 821–22. Notwithstanding this sentiment, Congress has not repealed the limitation of liability statute and it remains a part of admiralty law in this country.

Presently, the right to limit is codified in 46 U.S.C.App. § 183 ("Section 183" or the "Act"). Section 183 provides, in substance, that a vessel owner's liability for losses and injuries occurring on his vessel shall be limited to the owner's "interest" in the vessel and her freight. 46 U.S.C.App. § 183(a). Since Section 183 applies only when the loss occurs without the "privity or knowledge" of the vessel owner, *see id.*, liability is not limited in every situation. *Id.* For example, in *Application of Theisen*, 349 F.Supp. 737 (E.D.N.Y.1972), the boatowner's knowledge of the driver's propensity to operate boat in a reckless fashion deprived the boatowner of asserting the right to limit liability. *Id.* at 740–41. Thus, while the statute prohibits a finding of unlimited liability based solely on a *respondeat superior* theory, *see In re Interstate Towing Co.*, 717 F.2d 752, 754 (2d Cir.1983), it does not allow limitation to be claimed where the loss claimed occurred with the owner's knowledge.

In 1935 the so-called "loss of life" amendments were added to Section 183. *See* Gilmore and Black at 835. These amendments increased a vessel owner's liability in an amount based upon the vessel's gross tonnage. Specifically, the 1935 amendments require that a vessel owner establish a fund of $60 per ton of the vessel's gross tonnage to be used to pay loss of life or bodily injury claims. *See* 46 U.S.C.App. § 183(b). As a result of amendments to the statute the value of the fund is presently calculated at the rate of $420 per ton.

In 1936 the Act was further amended to narrow the circumstances under which an owner could limit his liability. Specifically, the Act now provides that in cases of loss of life or bodily injury the "privity or knowledge of the master of a seagoing vessel or of the superintendent or managing agent of the owner thereof, at or prior to the commencement of each voyage, shall be deemed conclusively the privity or knowledge of the owner of such vessel." 46 U.S.C.App. § 183(e). Thus, where loss of life or bodily injury has resulted, the 1936 amendment broadens the concept of "privity or knowledge" so as to increase those occasions where the owner may be found liable to the full extent of the law.

### B. *Asserting the Right to Limit Liability and Proceedings In the District Court*

#### i. The Section 185 Petition

One procedure that an owner seeking to assert the right to limit liability may follow is set forth in Section 185 and is discussed in greater detail in Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims to the Federal Rules of Civil Procedure (hereinafter "Supplemental Rule F"). Section 185 provides that a vessel owner may file a petition, with a United States District Court, requesting a limitation of liability. Simultaneous with the filing of the petition the owner must deposit with the Court a sum of money equal to his potential limited liability or transfer to a

trustee, for the benefit of claimants, his interest in the vessel. 46 U.S.C.App. § 185.

Upon compliance with Section 185, all claims and proceedings against the owner "with respect to the matter in question" are stayed by the District Court and notice of the pending petition is sent to all potential claimants." *See id.* After the claimants are notified of the petition the district court conducts a proceeding known as a "concursus." During the concursus the district court, without a jury, tries all issues related to the limitation proceedings. Thus, the Court determines "whether there was negligence; if there was negligence, whether it was without the privity and knowledge of the owner; and if limitation is granted, how the [limitation] fund should be distributed." *Dammers & Vanderheide*, 836 F.2d at 755, quoting *Universal Towing Co. v. Barrale*, 595 F.2d 414, 417 (8th Cir.1979).

Prior to 1936, the petition to limit liability could be filed at any time—even after a plaintiff had secured a substantial jury verdict. *See* Gilmore and Black at 854. To avoid the late filing of petitions and to conserve both the parties' and the Court's resources, Section 185 was amended to provide for a time limit in which the owner must file the petition. *See Deep Sea Tankers v. The Long Branch*, 258 F.2d 757, 772–73 (2d Cir.1958), *cert. denied*, 358 U.S. 933, 79 S.Ct. 316, 3 L.Ed.2d 511 (1959); *The Fred Smartley Jr.*, 108 F.2d 603 (4th Cir.), *cert. denied*, 309 U.S. 683, 60 S.Ct. 724, 84 L.Ed. 1027 (1940); Moore's ¶ F. 02 at F–14. Specifically, Section 185 was amended to provide that:

> [t]he vessel owner, *within six months* after a claimant shall have given to or filed with such owner written notice of claim, may petition a district court of the United States of competent jurisdiction for limitation of liability within the provisions of this chapter....

46 U.S.C.App. § 185 (emphasis added).

Although Section 185 states that an owner "may" petition for limitation of liability within six months, it is now clear that, to be deemed timely, a limitation petition *must* be filed within six months of the owner's receipt of a written notice of claim. *Deep Sea Tankers*, 258 F.2d at 772; *see In re Allen N. Spooner & Sons, Inc.*, 253 F.2d 584, 585–86 (2d Cir.1958); *In re N.Y. T.R. Transportation Corporation*, 105 F.R.D. 144, 146 (E.D.N.Y.1985).

ii. Asserting Limitation as a Defense in an Answer

■ The filing of a Section 185 petition is not the exclusive means of asserting the limitation defense. A shipowner may also assert the defense by pleading it in an answer to a complaint alleging injury that may be subject to limitation. *See In re Complaint of United States Lines, Inc.*, 616 F.Supp. 315, 316 (S.D.N.Y.1985); *Deep Sea Tankers*, 258 F.2d at 772–73. Such a defense may be pleaded in an answer to either a federal or state court action.

■ When limitation is pleaded in an answer as a defense, the six-month time limit imposed by Section 185 does not apply and the district court may conduct a concursus even after the running of the period. *Deep Sea Tankers*, 258 F.2d at 772–73, *The Chickie*, 141 F.2d 80, 84–85 (3d Cir.1944). Thus, the failure to timely file a Section 185 petition is not necessarily fatal to the assertion of the limitation defense. However, as demonstrated more fully below, assertion of the defense in a state court action without also filing a timely Section 185 petition is an action that is not without peril to the vessel owner.

II. BAYVIEW'S PRESENT PETITION

As noted above, the present petition was filed to limit Bayview's liability in connection with an incident that allegedly resulted in injuries to Joseph and Karen Russo. The incident at issue occurred on August 10, 1986 while Bayview was operating a ferry service between Ocean Beach and Davis Park—two points in the Great South Bay. According to Claimants, Joseph Russo, while swimming in the Bay, sustained severe personal injuries when he was struck by Bayview's vessel. Karen Russo's claim is for loss of consortium stemming from her husband's alleged injuries.

The Russos' claims are asserted in an action they commenced in the Supreme Court of the State of New York on August 17, 1987. On September 17, 1987 Bayview filed its answer to the state court complaint wherein it asserted Section 183 as an affirmative defense. That same day, Bayview filed its Section 185 petition for limitation of liability in this Court. In accordance with Section 185 and Supplemental Rule F, Bayview also posted security with this Court in an amount equal to the value of the vessel at issue and its freight (the "Limitation Fund"). On September 18, 1987, in response to the filing of Bayview's petition, this Court entered an order providing, *inter alia*, that notice of the limitation petition be published and staying the Russos' state court action as well as any pending or future lawsuits against Bayview in connection with the incident at issue here.

The cause of the accident and extent of the Claimants' injuries are not issues that are presently before this Court. Instead this Court is concerned only with questions related to the timeliness of the petition and the proper forum for trial of this matter. Thus, ignoring the parties' characterizations about the nature of the incident, the Court will turn to the issues raised.

## III. TIMELINESS OF THE PETITION

As noted above, a court may consider a petition to limit liability only if it is filed within six months of the owner's receipt of a "written notice of claim." 46 U.S.C.App. § 185. The present petition was filed on September 17, 1987. Thus, for the petition to be timely, notice of claim must have been received by Bayview no earlier than March 17, 1987.

■ According to Claimants, notice of claim was sent to Bayview in September of 1986. That notice came in the form of a letter dated September 2, 1986, written by Claimants' attorneys and addressed to Bayview. Bayview argues that the September 1986 Letter does not constitute the statutory notice of claim. Bayview further argues that notice of claim was not received, at the earliest, until April of 1987 when a second letter, dated April 3, 1987 was sent

to Bayview. If, as claimants argue, the September 1986 letter was sufficient notice to trigger the running of the six-month period, Bayview's petition is untimely and must be dismissed. If, however, notice of claim, within the meaning of the statute, was not received until April of 1987 Bayview's petition is timely.

■ While Section 185 makes clear that the notice of claim must be in writing, the type of writing that is sufficient to trigger the running of the statute is somewhat vague. On the one hand, all would agree that service of a summons and complaint is certainly enough to trigger the six-month period. On the other hand, however, mere knowledge of the incident at issue would not be enough to commence the running of the period.

In *In re Allen N. Spooner & Sons, Inc.,* 253 F.2d 584 (2d Cir.1958), the Court of Appeals for the Second Circuit was faced with the question of whether a particular letter constituted sufficient notice of claim to trigger the running of the six-month time period. The letter at issue in *Spooner* related to damage done to a pier maintained by the Port Authority and was authored by its General Superintendent of Maintenance (the "Superintendent"). The Superintendent's letter referred to the incident and stated, in pertinent part:

As you know, the Port Authority incurred severe damage as a result of the fire on April 8, 1955 on the wharf on which you were working.... The damaged property was insured for its depreciated value and we have therefore elected to file a claim with the Factory Insurance Association, our insurance carrier, for the part of the loss covered by the insurance. The F.I.A. is subrogated to any rights in tort or contract which we possess against the party responsible for the fire, and it has informed us that it may press a claim against you, since it appears that you were responsible for the fire both because of negligence and because of the risks assumed by you....

We also wish to note that the Port Authority is presently determining the extent of the claim which it may have against you for the cost of restoring the wharf, over and above the amount of insurance collectible. Any judgment or settlement between the F.I.A. and your company should not be regarded as covering this claim of the Port Authority.

*Spooner*, 253 F.2d at 585.

In *Spooner*, the owner, characterizing the letter referred to above as referring only to a "possible" claim, argued that the letter was too vague to constitute a written notice of claim within the meaning of Section 185. Referring to the owner's argument as "mere quibbling" the Court of Appeals for the Second Circuit rejected the owner's position. Specifically, the Court held that notice may be sufficient under Section 185 even if it is couched in reference to possible, future claims. Thus, the Court stated that to "adopt the view that the notice would be effective if the word 'shall' had been substituted for 'may', but not otherwise, would indeed exact hairsplitting over substance." *Id.* at 586. The Court stressed this notion stating that the "omission specifically to state 'we shall look to you for reimbursement,' or to use some similar phrase is ... of no siginficance whatever." *Id.* In sum, the *Spooner* Court held that since the writing informed the owner of the details of the incident and the "tenor" of the writing had the effect of informing the owner that it *may* be held responsible for the losses at issue, it constituted a sufficient notice of claim within the meaning of Section 185. *Id.*

Guided by the principles set forth in *Spooner*, the Court now turns to assess whether the September 1986 and/or April 1987 letters to Bayview constitute notices of claim within the meaning of Section 185. The September 1986 letter states:

Re: Joseph Russo
D/A: 8/10/86
Gentlemen:
Please be advised we represent Joseph Russo in connection with the serious personal injuries he sustained on the above date due to the gross negligence of your employee Jack Goeghan in connection with the operation of an outboard motor boat in the course of his employment with Bayview Charter Boats.
Please refer this letter to your insurance and/or legal representative and have them contact the undersigned at their earliest convenience.

The April 1987 letter is almost identical to the September 1986 letter and states:

Re: Joseph Russo
D/Accident: 8/10/86
Gentlemen:
Please be advised we represent Joseph Russo in connection with the serious personal injuries he sustained on the above date due to the gross negligence of Jack Geoghan and Bayview Charters.
Please refer this matter directly to your legal and/or insurance representative and have same contact the undersigned. If we do not hear from you within 20 days, we will have no alternative but to commence legal proceedings against you.

The September 1986 letter, like the letter in *Spooner*, informs a ship's owner of an incident occurring on a particular date and states the possibility that the injured party will hold the owner liable for injuries sustained in connection with that incident. Similarly, the April 1987 letter informs Bayview of the details of the incident. It differs from the earlier letter by adding the threat that the failure to respond within twenty days will lead to the commencement of legal proceedings. This distinction is of little significance in light of the *Spooner* court's holding that the failure to include such language will not render an otherwise sufficient notice of claim defective. *See Spooner*, 253 F.2d at 586. Instead, as noted above, the *Spooner* Court held, in essence, that a writing may constitute sufficient notice of claim even if it is couched in tentative terms, referring only to the "possibility" of legal action.

Arguing against a finding that the September 1986 letter constitutes sufficient notice of claim, Bayview makes much of evidence it has uncovered showing that Claimants' factual investigation of the incident

involving Mr. Russo continued even *after* the writing of the September 1986 letter. Specifically, Bayview points to a letter written by Claimants' attorney to the driver of the boat at issue seeking information about the incident. Since this letter was sent to the driver after the September 1986 letter was authored, Bayview argues that the September 1986 letter cannot possibly constitute a valid notice of claim. There is no support in this circuit for the proposition that a letter written about an incident while a factual investigation is ongoing cannot constitute notice of claim within the meaning of Section 185. Indeed, this Court finds that the holding of the *Spooner* Court is quite to the contrary.

In sum, this Court finds that the September 1986 letter informed Bayview of the incident at issue and of the possibility that Bayview would be held liable for Claimants' injuries. Accordingly, that letter constitutes a written notice of claim within the meaning of Section 185. Since the instant petition was not filed with this Court within six months of the September 1986 letter it must be dismissed as untimely.

## IV. THE AVAILABILITY OF THE LIMITATION DEFENSE

As noted above, an owner may claim the right to limit liability either by the filing of a Section 185 petition or by asserting limitation as a defense in an answer. Since the six-month time limit discussed above applies only when limitation is asserted by way of petition, Bayview's assertion of the defense in its answer to Claimant's state court complaint preserves, technically, its right to claim the defense in that action. The parties' briefs move from this basic proposition to a discussion of whether the stay imposed on Claimant's state court action should be lifted.

Claimants, characterizing this action as a "single claim case", argue that there is no need for this Court to conduct a concursus. Bayview, pointing out that issues relating to the availability of the limitation defense are matters of exclusive federal jurisdiction, argues that this Court can and must decide the limitation issues. Bayview further argues that if Claimants wish to proceed with their state court action they must first file a stipulation with this Court protecting its exclusive jurisdiction. According to Bayview, that stipulation must concede Bayview's right to litigate limitation issues in federal court and waive any claim of *res judicata* with respect to the outcome of these issues in the state court trial.

Bayview has correctly noted the exclusive jurisdiction of the federal court to decide issues of limitation, *see Norwich & New York Transportation Co. v. Wright,* 80 U.S. (13 Wall.) 104, 20 L.Ed. 585 (1872); *Dammers & Vanderheide,* 836 F.2d at 754, as well as the necessity of filing certain stipulations prior to proceeding with any state court action. *See In re Dammers & Vanderheide & Scheepvaart Maats Christina B.V.,* 836 F.2d 750, 756 (2d Cir. 1988); *Petition of Red Star Barge Line, Inc.,* 160 F.2d 436, 438 (2d Cir.), *cert. denied,* 331 U.S. 850, 67 S.Ct. 1741, 91 L.Ed. 1859 (1947); *accord Valley Line Co. v. Ryan,* 771 F.2d 366, 373 (8th Cir.1985); *In re North Lubec Mfg. and Canning Co.,* 640 F.Supp. 636, 639 (D. Maine 1986). Bayview's position is flawed, however, because it has not pointed to a basis for the exercise of the federal court's admiralty jurisdiction *in this case.*

Had claimants brought their personal injury claims in a federal court, that court would have had subject matter jurisdiction to decide issues concerning the availability of the limitation defense prior to considering the case on the merits. *See, e.g., Deep Sea Tankers,* 256 F.2d at 772–73 (although limitation petition was dismissed as untimely, federal court retained ability to decide limitation issues where limitation was asserted in answer to pending federal action). Similarly, a timely filed limitation petition would have given this Court jurisdiction to either decide the limitation issues or to consider appropriate stipulations protecting the jurisdiction of the admiralty court to decide those issues. *See e.g., Dammers & Vanderheide,* 836 F.2d at 760. Problems arise, however, where, as here, claimants choose to bring their personal injury case in a state court and the vessel owner's

limitation petition is dismissed as untimely. In such a case, it appears to the Court that the owner lacks the procedural vehicle for bringing the limitation issues before the federal forum.

This was the precise set of circumstances presented in *In re Vatican Shrimp Co., Inc. v. Solis*, 820 F.2d 674 (5th Cir.), *cert. denied*, — U.S. ——, 108 S.Ct. 345, 98 L.Ed.2d 371 (1987). There, a limitation petition was dismissed as untimely and the vessel owner sought to have the federal court decide issues relating to limitation of liability. In apparent recognition of the fact that isolated *issues* cannot be removed to federal court, the owner attempted, pursuant to 28 U.S.C. § 1441, to remove claimant's state court liability action to federal court. Finding that there existed no basis upon which to remove the state court case, the district court held removal to be improper.

■ Although the circuit court held the remand order to be unappealable, it noted that removal might have been precluded by the "well-pleaded complaint rule". *Vatican Shrimp*, 820 F.2d at 680 n. 6. That rule holds that removal is possible only where the basis of federal jurisdiction appears on the face of plaintiff's complaint and not in cases where the federal issue appears only as a defense. *See Gully v. First Nat'l. Bank*, 299 U.S. 109, 111–13, 57 S.Ct. 96, 97–98, 81 L.Ed. 70 (1936); *Little Ferry Assoc. v. Diaz*, 484 F.Supp. 890, 891 (S.D.N.Y.1980). Since limitation appears only in a defendant's answer, it cannot form the basis of a proper removal petition.

Requesting a rehearing, the shipowner argued that the panel's opinion "modified out of existance the shipowner's right to raise limitation in state court." *Id.* at 681. In response, the Court took no issue with the proposition that limitation could be asserted as an answer to a state court complaint but noted the exclusive jurisdiction of the federal courts to decide issues of limitation. The Court further noted that Congress has never amended Section 185 to provide for a tolling of the six-month time limit when limitation is pleaded as a defense to a state court action. Since the *Vatican Shrimp* Court found that in the absence of proper removal or a timely petition it could provide no remedy, it declined to review its earlier decision. *Id.* at 681–82.

Similar circumstances were before the Court in *Cincinnati Gas & Electric Co. v. Abel*, 533 F.2d 1001 (6th Cir.), *cert. denied*, 429 U.S. 858, 97 S.Ct. 158, 50 L.Ed.2d 136 (1976). Although the shipowner there asserted limitation of liability as a defense to a state court complaint, she failed to file a timely petition pursuant to Section 185. Finding that the purpose of imposing a time limit on the filing of petitions was to "cut down on the right of the shipowner to limit his liability," the Court held that the time limit should be strictly construed. In light of the statute's intent, the Court concluded that the "failure to file [a limitation petition] within six months of written notice of claim deprives the vessel owner of the benefits of limitation of liability." *Cincinnati Gas*, 533 F.2d at 1005–06.

Like the Courts referred to above, this Court can find no basis, other than a timely filed Section 185 petition, for exercising its jurisdiction to determine issues of liability. Put simply, this Court can find no procedural vehicle for bringing the limitation issues before this federal forum. Since the petition here must be dismissed as untimely, Bayview cannot obtain a federal forum to hear any issue concerning the limitation defense. Under these procedural circumstances, Bayview's failure to file its Section 185 petition in a timely manner has resulted in its inability to claim the limitation defense.

## V.  OTHER MATTERS

■ In addition to seeking dismissal of Bayview's petition, Claimants have requested an order requiring Bayview to increase the amount of the Limitation Fund. Claimants' request is made pursuant to that section of Supplemental Rule F that allows a claimant to request that the Limitation Fund be increased if: (1) the fund is less than the value of petitioner's interest in the vessel and its freight; or (2) the fund is insufficient to carry out the "loss of life"

provisions of Section 183. *See* Supplemental Rule F(7). In light of this Court's dismissal of Bayview's petition the Court can see no basis for requiring Bayview to maintain the Limitation Fund in this Court. Accordingly, the Court holds that the Limitation Fund must be released to Bayview.

## VI. CONCLUSION

Bayview's Section 185 petition was filed more than six months after its receipt of a notice of claim. Accordingly, the petition is dismissed as untimely. Since Claimants have commenced their action against Bayview in state court, no procedural vehicle exists for invoking the jurisdiction of this Court to decide matters of limitation of liability. The stay imposed by this Court's order of September 18, 1987 is lifted, the Limitation Fund is to be released to Bayview and Claimants may pursue their state law remedies against Bayview.

SO ORDERED.