**In re Complaint and Petition of BIG DEAL, INC., as Owner of the F/V BIG DEAL in a Cause of Exoneration from or Limitation of Liability.**

No. K–90–1759.

United States District Court,
D. Maryland.

May 24, 1991.

J. Paul Mullen, David B.A. Demo, and Lord & Whip, P.A., Baltimore, Md., for petitioner.

Murray I. Resnick, Robert M. Schwartzman, and Resnick & Abraham, Baltimore, Md., for claimant.

FRANK A. KAUFMAN, Senior District Judge.

Petitioner, Big Deal, Inc. (Big Deal), the owner of the F/V BIG DEAL, seeks exoneration from or limitation of liability pursuant to 46 U.S.C.App. § 185 and the applicable admiralty rule.[1] Claimant, Ronald Linley Pouchie (Pouchie), raising the bar of limitations, seeks dismissal of that quest for relief.

46 U.S.C.App. § 185 provides, in pertinent part, that "[t]he vessel owner, within six months after a claimant shall have given to or filed with such owner written notice of claim, may petition a district court of the United States of competent jurisdiction for limitation of liability...." Rule F(1) states, in part, that "[n]ot later than six months after his receipt of a claim in writing, any vessel owner may file a complaint in the appropriate district court ... for limitation of liability pursuant to statute." "Though the statute uses the word 'may,' it has been held to mean 'must' in the sense that an owner may file such proceedings within six months or not at all." *Cincinnati Gas & Electric Co. v. Abel*, 533 F.2d 1001, 1003 (6th Cir.1976). *See also In re Complaint of Bayview Charter Boats, Inc.*, 692 F.Supp. 1480, 1483 (E.D.N.Y.1988).

I.

On January 27, 1989, Pouchie's attorney, Murray I. Resnick, Esq. (Resnick), addressed a letter to the Merritt Seafood Company (Merritt), stating that he represented Pouchie, that Pouchie had "sustained injuries on or about December 15, 1988 while employed aboard the BIG DEAL 78," and that "[c]laim is hereby made for payment of lost wages, unearned wages, maintenance and cure, and damages."

On February 7, 1989, the Claims Coordinator of the Gateway Insurance Agency, Inc. wrote to Resnick acknowledging receipt of Resnick's January 27, 1989 communication and stating: "Please be advised

---

**1.** Rule F of the Supplemental Rules of Certain Admiralty and Maritime Claims to the Federal Rules of Civil Procedure.

that we are the insuring agent for 'BIG DEAL, INC.' and have reported this incident to their insurance company, Talbot–Bird." A copy of that letter was sent to Talbot–Bird.

On March 29, 1989, J. Paul Mullen, Esq. (Mullen), who identified himself as having "been retained by underwriters to represent the F/V BIG DEAL and the Merritt Seafood Company in connection with a claim you have made on behalf of Ronald Linley Pouchie for injuries that allegedly occurred on or about December 15, 1988," sent a further reply letter to Resnick. In that letter, Mullen requested information concerning the alleged accident.

In a March 30, 1989 letter, Resnick advised Mullen that his client's "injuries resulted from the unseaworthiness of [the BIG DEAL] and the blatant negligence of the owners and operators of said vessel. The Captain of the vessel, David Marks, was fully aware of the injuries sustained by our client." In addition, the March 30, 1989 letter stated the name of the hospital in which Pouchie had been treated following the alleged accident and informed Mullen that Resnick was "attempting to obtain all medical records and will be glad to provide same to you when they are obtained." The letter closed as follows: "We, again, request that maintenance and cure benefits be promptly paid."

On April 14, 1989, Mullen wrote to Resnick, in effect denying fault on the part of his clients, but stating that Pouchie's claim for maintenance and cure would be further reviewed as soon as all medical records and full information was provided.

On May 12, 1989, Resnick sent to Mullen what was described as a "partial list of medical bills" exceeding in amount $107,000.

On May 24, 1989, Mullen wrote to Resnick enclosing a medical authorization form to enable the obtention of medical records.

On June 29, 1990, Big Deal filed the within petition for exoneration from or limitation of liability, alleging that its interests as owner of the vessel did not exceed $320,000. On August 7, 1990, Big Deal posted a $321,000 bond.[2]

## II.

Pouchie takes the position that the within petition is barred by limitations pursuant to 46 U.S.C.App. § 185 and Rule F. Big Deal responds by asserting that the original January 27, 1989 letter does not qualify as a claim under the statute and rule so as to trigger the running of the six-month limitations period because that letter was addressed only to Merritt and not to the owner of the vessel and also because that letter did not contain sufficient information. The parties have not been able to stipulate with regard to all details concerning management and ownership of the two companies—and the relationship between them—but Big Deal has stated: the vessel was a shrimp trawler solely owned by Big Deal; Merritt had no ownership interest in the vessel or in Big Deal; on December 15, 1988, the vessel was commanded by Captain Marks who was self-employed; Pouchie was employed and paid by Captain Marks and not employed or paid by either the vessel or Big Deal; Merritt did not exercise control over the vessel; Merritt intended to purchase the catch from Captain Marks and his crew following the fishing trip which was ongoing on December 15, 1988 if the trip proved successful; and Merritt did in fact purchase the catch of December 15, 1988.

The purpose of section 185 is "to protect and encourage maritime commerce," *Standard Wholesale Phosphate & Acid Works, Inc. v. Travelers Ins. Co.*, 107 F.2d 373, 376 (4th Cir.1939), by permitting a vessel owner to limit liability. However, in order to take advantage of that opportunity, the vessel owner must file his petition within six months from the day he receives appropriate notice of a claim. It is not possible to ascertain from the statute, the rule and the

---

**2.** Prior thereto, Pouchie instituted an action in the Circuit Court for Baltimore City, Maryland, with respect to the December 15, 1988 incident. Big Deal contends that the first document which qualifies as a claim under section 185 was the summons and complaint in that state court case which was served upon Big Deal on January 23, 1990.

case law precisely what constitutes a claim.[3] Concurring in *In re Allen N. Spooner & Sons, Inc.*, 253 F.2d 584, 586–87 (2d Cir.1958), Judge Learned Hand wrote that "[t]he purpose of putting a time limit upon the owner's privilege of limiting his liability is to advise the claimant in season, so that he may avoid preparing further to press claims that may have small value, or perhaps none whatever," and that because the owner, in order to exercise that privilege, "must either file security for the full value of his ship, or surrender her to a trustee," the owner ought to have the right "to make the claimant define his position" and that "[i]f the claimant refuses to do so, it may be that the [six months] does not begin to run until [the claimant] does."

While the original letter of January 27, 1989 was addressed only to Merritt and not to Big Deal, subsequent correspondence authored by Resnick and Mullen reveals without any doubt whatsoever that written notice of the claim was given on behalf of Pouchie to Mullen well before December 29, 1989, the last day which falls six months prior to the filing of the within case by the vessel owner.[4] In that correspondence, more than sufficient information concerning the alleged accident and injuries was furnished on behalf of the claimant to the vessel owner. *See Standard Wholesale Phosphate & Acid Works, Inc. v. Travelers Ins. Co.*, 107 F.2d 373; *In re Allen N. Spooner & Sons, Inc.*, 253 F.2d 584; *In re Complaint of Bayview Charter Boats, Inc.*, 692 F.Supp. 1480.[5]

Because Resnick, as counsel for Pouchie, gave to and filed with Mullen, as counsel

for Big Deal, written notice, within the meaning of the applicable statute and rule, of Pouchie's claim and because the vessel owner did not institute the within case seeking exoneration from or limitation of liability within six months after the vessel owner was so notified, the vessel owner is not entitled to such exoneration from or limitation of liability. Accordingly, judgment will be entered in this case for the claimant.[6]

---

**3.** *See In re Complaint of Bayview Charter Boats, Inc.*, 692 F.Supp. at 1484.

**4.** *In re Okeanos Ocean Research Foundation, Inc.*, 704 F.Supp. 412, 416 n. 5 (S.D.N.Y.1989), the district court did not find it necessary to reach the question of whether a written communication must be specifically addressed to the vessel owner in order to constitute a claim under the statute and the rule even if the letter is addressed to an addressee associated with the vessel owner and the vessel owner is, in fact, informed of the contents of the letter. In this case, it is likewise not necessary for this Court to reach the question of whether the January 27, 1989 letter constitutes notice to the vessel owner

in view of the fact that subsequent correspondence long antedating December 29, 1989 passed between Resnick and Mullen as counsel, respectively, for Pouchie and Big Deal.

**5.** In this case, the correspondence which preceded December 29, 1989 far exceeds the amount of information which was held insufficient to constitute a section 185 claim in *In re Okeanos Ocean Research Foundation, Inc.*

**6.** This Court's stay of all proceedings involving the alleged December 15, 1988 accident, entered in this case by this Court's Order dated November 28, 1990, is hereby lifted.