In the Matter of OCEANIC FLEET, INC. and Marine Offshore Services, Inc., as Owner and Operator of the M/V STEP-ANDT, Petitioning for Exoneration from Damages or Limitation of Liability.

No. 92–1849.

United States District Court, E.D. Louisiana.

Dec. 3, 1992.

Robert B. Acomb, III, Rufus C. Harris, III, Terriberry, Carroll & Yancey, New Orleans, LA, for petitioners.

Joseph Brandeis Stahl, New Orleans, LA, for claimant.

## ORDER AND REASONS

ARCENEAUX, District Judge.

Defendants Oceanic Fleet, Inc. and Marine Offshore Services, Inc. ("Oceanic and Marine Offshore") seek exoneration from damages or limitation of liability pursuant to 46 U.S.C.App. § 185 (1958), and Admiralty Rule F. Claimant Howard Gunter ("Gunter") has moved for summary judgment seeking dismissal of defendants' limitation complaint based on its allegedly being late filed or, alternatively, for the dissolution of the stay order and reappraisement of the vessel. For the reasons that follow, the court grants the motion for summary judgment.

### Background

Gunter seeks damages for injuries allegedly sustained on March 5, 1991, while attempting to free an aft mooring line on the M/V STEPANDT, during stormy weather. Gunter, a 40–year–old deckhand, sustained serious leg and ankle fractures at that time and was medically evacuated by helicopter from the vessel. An accident report was prepared by the captain of the vessel at the time of the accident noting that Gunter had sustained "a head injury, broken leg and broken ankle.... [Gunter] was awake and in a lot of pain when he left the boat."[1]

While the defendant was hospitalized, Tommy Halverson, an investigator for "the company," interviewed Gunter at the hospital at which time Gunter gave Halverson a statement. (Supplemental Statement of Facts, Exhibits and Memorandum, Exhibit 13, Deposition of Gunter at 130–31). This statement subsequently became the subject of contest between counsel for Gunter and counsel for Oceanic and Marine Offshore.[2]

There are four letters presented by Gunter to demonstrate written notice of his

1. This report, stamped "March 18, 1991", is attached as Exhibit 1 to claimant's motion. Instead of filing "a short, concise statement of material facts as to which there exist a genuine issue to be tried" as required under ULLR 2.10E, Oceanic and Marine Fleet provided a "Corrected Statement of Undisputed Facts." As a result, it is unclear whether they contest the validity of the accident report and the representations as to the author thereof. Because no countervailing evidence has been presented to the court in this respect, the court will accept this report and representations as to its author as true.

2. In fact, in a response to plaintiff's request for production filed in plaintiff's state-lodged Jones Act claim, Oceanic and Marine Offshore opined that the statement was "information developed in anticipation of litigation." (Supplemental Statement of Facts, Exhibits and Memorandum, Exhibit 15, dated January 16, 1992).

**1262**

claim had been provided to Oceanic and Offshore Marine no later than May 14, 1991. Copies of these letters in their entirety are appended to claimant's motion (Doc. 10) as Exhibit 8 In Globo. Each present material which the court has considered.

The first letter, dated April 11, 1991, from Gunter's counsel to petitioners' adjuster is referenced "In re: GUNTER vs. OCEANIC FLEET, INC. AND OFFSHORE MARINE SERVICES, INC." and begins, "Confirming our recent telephone conversation, I represent Howard Douglas Gunter in the above matter arising out of his injury of 3/5/91 aboard the M/V STEPHAN." Counsel then requests, *inter alia,* his client's statement, relevant accident reports and all doctor and hospital records, reports and bills relative to Mr. Gunter. (Exhibit 8).

The second letter is from petitioners' counsel and is referenced:

Re: Alleged Injury to Howard Gunter

Vessel: STEPANDT

D/A: 3/5/91

Our File: 28709

Counsel in this letter refuses Gunter's request stating, "Once I have obtained your client's deposition, though, I will be happy to give you much of the information requested."

The third letter is from Gunter's attorney and is dated May 8, 1991. In this letter, Gunter's counsel references L.S.A.–R.S. 13:3732 and Fed.R.Civ.P. 26(b)(3) admonishing petitioners' counsel that a statement cannot be admitted in evidence if the declarant is refused a copy by the interest seeking its admission. He then concludes:

I note that, in your 7th May reference to a "deposition" before any action is even pending, you appear to be trying to force the filing of an action by depriving a prospective party of material necessary to enable him to conduct informed settlement negotiations.

Finally, in the fourth letter, dated May 14, 1991, again referenced "In re: GUNTER VS. OCEANIC FLEET ET AL.; Your File No. 28709/RHC", Gunter's counsel states "If, as appears likely due to the position you have taken in refusing to provide me with a copy of my client's statement, this claim becomes a lawsuit, . . . ."

Analysis

The Limitation of Liability Act, 46 U.S.C.App. § 185 (1958), requires a petition in limitation to be filed within six months after a claimant has given written notice of a claim. *In re Complaint of Bayview Charter Boats, Inc.,* 692 F.Supp. 1480, 1483 (E.D.N.Y.1988). Counsel for Oceanic and Marine Offshore argues that until Gunter actually filed his Jones Act and general maritime claim in state court on January 9, 1992, they had not received written notice of it. Petitioners contend that the four letters discussed do not provide "written notice" as contemplated under section 185. Counsel for Gunter argues to the contrary.

Thus, the issue is whether the written communications between counsel, all of which occurred on or before May 14, 1991, constitute "written notice of claim" to the petitioners which triggered their six-month period for filing the limitation. If so, then the instant petition must be dismissed as late filed considering it was filed more than a year later on June 2, 1992.

Courts have concluded that written notice must inform the owner both of "details of the incident" and "that the owner appeared to be responsible for the damage in question." *In re Complaint of Okeanos Ocean Research Found., Inc.,* 704 F.Supp. 412, 415 (S.D.N.Y.1989), citing *In re Petition of Allen N. Spooner & Sons, Inc.,* 253 F.2d 584, 585 (2d Cir.1958). In *In re Complaint of Bayview Charter Boats, Inc.,* 692 F.Supp. 1480 (E.D.N.Y.1988), the court held the following letter sufficient to trigger the six month period:

Please be advised we represent Joseph Russo in connection with the serious personal injuries he sustained on the above date due to the gross negligence of your employee Jack Goeghan in connection with the operation of an outboard motor boat in the course of his employment with Bayview Charter Boats.

Please refer this letter to your insurance and/or legal representative and have

them contact the undersigned at their earliest convenience.

Because that letter clearly informed the owner of the details of the incident, the letter was found to have effectively informed the owner that it may be held responsible for the losses at issue. Indeed, as in the *Spooner* decision, the court held that "a writing may constitute sufficient notice of claim even if it is couched in tentative terms, referring only to the 'possibility' of legal action." *Id.* at 1485; *Okeanos*, 704 F.Supp. at 415.

In the instant matter, this court finds that while none of these letters may have individually constituted notice, in the aggregate, there is no doubt that Oceanic and Marine Offshore had sufficient written notice of the claim by May 14, 1991 to trigger the six-month filing period. In fact, as of the first letter, the petitioners arguably had notice of the alleged injury, of the date thereof, the vessel on which it occurred, and the adversary nature of the situation.[3]

Furthermore, in that letter, counsel for Gunter confirmed a telephone conversation that he had with the adjuster for the subject companies. While the court is not privileged to that initial discussion itself and recognizes that it would not constitute written notice, it belies the court's belief that at that point in time, the petitioners in limitation did not anticipate a lawsuit arising out of this incident. Indeed, if these companies did not foresee such an inevitability, why would they not release to Gunter's counsel, his own statement to which he was entitled. The same adjuster was continually apprised of the medical condition of Gunter by virtue of his receiving reports of the various medical treatments allegedly necessitated by the accident at issue.

By the May 14, 1991 missive, petitioners should have had no doubts that litigation was inevitable. As the Court of Appeals for the Second Circuit reasoned in *Spooner*, the "whole tenor of the letter" was to the effect that Oceanic and Offshore Ma-

rine will be held responsible with for Gunter's injuries with counsel's statement "should this claim become a lawsuit."

While petitioners may argue that specifics of Gunter's injuries were not provided to it, the fact cannot be overlooked that all of that information was being passed through the petitioner's adjuster who received the medical information necessary for the processing of Gunter's cure claim. This court will not exalt form over substance. Accordingly,

The motion for summary judgment is GRANTED and the petition of Oceanic Fleet, Inc. and Marine Offshore Services, Inc. is DISMISSED.

IT IS SO ORDERED.

---

**3.** The first sentence provided notice that Gunter was represented by counsel, concerning an injury occurring on a date certain on a certain vessel and the reference of the letter was styled

as if the matter were a suit—"GUNTER vs. OCEANIC FLEET, INC. and OFFSHORE MARINE SERVICES, INC."